[This decision has been published in *Ohio Official Reports* at 93 Ohio St.3d 156.]

THE STATE EX REL. TURBINE ENGINE COMPONENTS TEXTRON, INC., APPELLEE, *v.* INDUSTRIAL COMMISSION OF OHIO; MOORE, APPELLANT.

[Cite as *State ex rel. Turbine Engine Components Textron, Inc. v. Indus. Comm.*, 2001-Ohio-1296.]

*Workers' compensation—Application for permanent total disability benefits granted by Industrial Commission—Complaint in mandamus filed by employer in court of appeals alleging that commission abused its discretion in excluding two doctor reports from consideration—Court of appeals' grant of writ reversed and commission's grant of permanent and total disability reinstated, when.*

(No. 00-1236—Submitted June 20, 2001—Decided September 5, 2001.)

APPEAL from the Court of Appeals for Franklin County, No. 99AP-979.

————————————

*Per Curiam.*

{¶ 1} Appellant-claimant, Naomi R. Moore, filed an application for permanent total disability ("PTD") benefits in October 1997. On November 4, 1997, pursuant to Ohio Adm.Code 4121-3-34(C)(2), the Industrial Commission of Ohio mailed an acknowledgment letter that stated:

"This will serve as your notice that an application for permanent total disability compensation was filed on 10/22/1997.

"* * *

"Employers may submit additional medical evidence relating to this issue, including reports from employer requested examinations. This information is to be submitted to the file by 1/03/98 which is 60 days from the date of this acknowledgment letter. * * *

"* * *

"A medical examination or examinations will be scheduled with Industrial Commission physicians within 90 days of filing of the application * * *.

"* * *

"The Hearing Administrator may decide to schedule a pre-hearing conference within approximately 120 days from the filing of the application."

{¶ 2} The commission mailed this letter to appellee-employer, Turbine Engine Components Textron, Inc. ("Textron"), at Textron's Lima plant, where claimant was injured. A copy was also sent to Gates McDonald Company in Columbus, Textron's actuarial service representative.

{¶ 3} An April 1, 1998 letter from the law firm representing Textron advised claimant that it had scheduled her for a psychological examination with Dr. Robert P. Brady on April 21, 1998. Counsel sent a second letter five days later informing claimant of a May 20, 1998 physical examination with Dr. Paul Martin. Claimant attended both examinations, and both doctors concluded that she could do some sustained remunerative work. The Brady report was filed with the commission on May 20, 1998 and the Martin report on June 5, 1998.

{¶ 4} On June 24, 1998, for reasons unknown, the commission mailed a second acknowledgment letter. It was nearly identical to the first, except that it gave the employer until August 23, 1998 to submit medical evidence. In addition to Gates McDonald, the letter was also sent to Textron's Cleveland plant and Textron's counsel.

{¶ 5} PTD was granted on February 4, 1999. In his order, the Staff Hearing Officer specifically excluded the Brady and Martin reports from consideration since they had not been filed by January 3, 1998—the deadline set in the first acknowledgment letter. Reconsideration was denied.

{¶ 6} Textron filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission had abused its discretion in excluding the two reports from consideration. The court of appeals, through its

magistrate, agreed, and a writ was granted. The magistrate found that the second acknowledgment letter contained the binding evidentiary submission deadline. Because the Brady and Martin reports had been submitted before that date, the magistrate stated, they were not excludable.

{¶ 7} This cause is now before this court on appeal as of right.

{¶ 8} In finding the second letter controlling over the first, the court of appeals, through its magistrate, stressed that the first acknowledgment letter went to Textron's Lima plant, not the Cleveland plant. The magistrate also noted that Textron's counsel had not been sent the first letter. From this, the magistrate concluded:

"Given Textron's apparent change of address and that a law firm came to represent Textron during the processing of the PTD application, a reasonable explanation for the issuance of the second acknowledgment letter is that someone at the commission felt that circumstances made it advisable to do so. Apparently, there was some doubt on the part of someone at the commission as to whether the initial acknowledgment letter was sufficient. The commission must have some discretion to issue another acknowledgment letter to correct a perceived defect with the previous acknowledgment letter."

{¶ 9} This reasoning is too vague. The magistrate implies an insufficiency of notice, presumably under Ohio Adm.Code 4121-3-34(C)(2):

"At the time the application for permanent total disability compensation is filed with the industrial commission, the industrial commission shall serve a copy of the application together with copies of supporting documents to the employer's representative (if the employer is represented), or to the employer (if the employer is not represented) along with a letter acknowledging the receipt of the permanent total disability application."

{¶ 10} "Representative" is defined in Ohio Adm.Code 4121-15-10(A)(5) as "any person who appears before the adjudicator, prepares any document on behalf

of any party for use by the adjudicator, renders any advice or performs any other related service for a party with respect to a dispute before the industrial commission." Counsel obviously qualifies as a representative, and indeed did not receive the first letter.

{¶ 11} But Textron never alleges insufficiency of service. It concedes that it received the first acknowledgment letter. Moreover, Textron obviously notified its counsel well before the second acknowledgment letter, since it was counsel who in April 1998 scheduled claimant for two medical examinations.

{¶ 12} In presuming that the commission had a justification for the second letter, the magistrate overlooked a crucial fact: the Brady and Martin reports were filed with the commission *prior* to the second acknowledgement letter—five and three weeks, respectively. Thus, any question as to whether the notice contained in the first letter was sufficient had been clearly and conclusively answered.

{¶ 13} Any suggestion that reliance on the first letter is unfair is unfounded. It is critical to remember that Textron's untimely evidentiary submission was not the result of any detrimental reliance on the second letter. Textron submitted its evidence *before the second letter*.

{¶ 14} In addition to implying detrimental reliance, Textron devotes considerable time to pointing out that the commission itself was untimely in scheduling commission examinations pursuant to the first letter. This argument is irrelevant. It matters not what the commission did. What matters is that Textron was given a deadline by which to file its evidence and Textron did not comply. That the commission may not have scheduled its examinations within ninety days as specified in the letter does not advance Textron's cause.

{¶ 15} The judgment of the court of appeals is hereby reversed and the commission's original grant of permanent and total disability is reinstated.

*Judgment reversed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

LUNDBERG STRATTON, J., dissents.

_____

**LUNDBERG STRATTON, J., dissenting.**

{¶ 16} I dissent and would affirm the judgment of the court of appeals that remanded this cause to the commission to issue a new order based on evidence submitted in timely response to the second acknowledgment letter. To find that the first letter controls the filing deadline, as the majority does (even while acknowledging the confusing state of the applicable statutes), the majority unfairly penalizes the employer for the commission's confusion and mistake. The employer had a right to rely on the second deadline. The commission is still free to review and evaluate the additional medical reports and still award PTD if it finds the reports not credible. If they are credible, the claimant has not earned PTD. Fairness to both parties still results.

{¶ 17} Therefore, I would affirm the appellate court's judgment granting the writ of mandamus.

_____

*Crosby, O'Brien & Associates Co., L.P.A., Elizabeth A. Crosby* and *Steven P. Dlott,* for appellee.

*William R. Hamelberg*, for appellant.

_____

5