JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant William Caldero, Jr. ("appellant") appeals from the sentence imposed by the trial court. Having reviewed the arguments of the parties and the pertinent law, we hereby affirm the trial court.
 I {¶ 2} Appellant was indicted on November 5, 2002 by the Cuyahoga County Grand Jury for one count of kidnaping in violation of R.C. 2905.01 with a sexual motivation specification; one count of rape in violation of R.C. 2907.02; one count of aggravated robbery in violation of R.C. 2911.01 with a sexual motivation specification; and one count of felonious assault in violation of R.C. 2903.11 with a sexual motivation specification. The indictment was based on complaints from Rosalyn Santiago, the mother of two of appellant's children, who alleged appellant stole her purse, dragged her into a bedroom, struck her in the head with hair clippers, and forced her to engage in sexual conduct with him.
 {¶ 3} On February 7, 2003, appellant pled guilty to sexual battery in violation of R.C. 2907.03(A) and to theft. The trial court accepted the plea agreement and nolled the remaining two counts of the indictment. Appellant was sentenced to a three-year prison term for the sexual battery conviction and a six-month prison term for the theft conviction. On August 28, 2003, appellant filed a petition to vacate and set aside sentence, pursuant to R.C. 2953.21. On September 8, 2003, appellant filed a motion to withdraw guilty plea. The state responded with a motion to dismiss which the trial court granted.
 II {¶ 4} Appellant's first assignment of error states: "The trial court erred in granting the state's motion to dismiss the post-conviction relief petition of defendant before the civil rule and local rule response period had expired."
 {¶ 5} R.C. 2953.21, Ohio's postconviction relief statute, does not specify that the petitioner be given an opportunity to reply to any motion filed on behalf of the respondent. The statute does, however, indicate that a petitioner must state all grounds for relief in the petition and that any ground for relief not so stated is waived. R.C. 2953.21(A)(4).
 {¶ 6} Appellant's reliance on State v. Pless (1993),91 Ohio App.3d 197, in his appellate brief is inapplicable. Pless
involved a summary judgment motion and not a motion to dismiss. Furthermore, we agree with the lower court's determination that the petition was insufficient to warrant a hearing and the petition should be dismissed because its allegations failed to satisfy the requirements for postconviction relief.[1]
Appellant's denial of the opportunity to respond to the state's motion to dismiss was not prejudicial. This is due to the fact that appellant's petition failed to set forth sufficient operative facts demonstrating there was such a denial or infringement of appellant's constitutional rights that his conviction was rendered void or voidable. Therefore, based on the evidence in the record and this court's precedent in State v.Miller, appellant's first assignment of error is overruled.
 III {¶ 7} Appellant's second assignment of error states: "The trial court's overruling of defendant's motion to withdraw guilty plea was error without a hearing."
 {¶ 8} Appellant's argument is not well-founded. An appellate court reviews a denial of a motion to withdraw a guilty plea under the abuse of discretion standard. State v. Xie (1992),62 Ohio St.3d 521; State v. Fish (1995), 104 Ohio App.3d 236. A trial court need not hold an evidentiary hearing on a motion to withdraw a plea if the only evidence provided consists of affidavits from interested parties which conflict with the facts elicited at the plea hearing. For example, in a recent case, this court held that the trial court did not abuse its discretion in discounting [the affidavits of defendant and his girlfriend] as true statements of fact given the affiants' affiliation with one another and the fact that the affiants had a direct interest in the success of petitioner's efforts to obtain relief. State v.Woolfolk, Cuyahoga App. No. 76671, 2001-Ohio-1296, at 8. See, also, State v. Calhoun (1999), 86 Ohio St.3d 279. When affidavits are offered in support of a petition for postconviction relief, the court has authority to weigh the credibility of those affidavits and deny based upon its assessment of them. State v. Yearby (May 1, 2002), Cuyahoga App. No. 79000.
 {¶ 9} In the case at bar, the evidence establishes that appellant's plea was made knowingly, intelligently, and voluntarily. The plea transcript from the lower court demonstrates compliance with Crim.R. 11. The plea transcript has greater probative value than the affidavit submitted by appellant. Furthermore, the affidavit submitted as evidence is inconsistent with all of the affiant's previously made statements. In addition, the affidavit is inconsistent with appellant's previous admission of guilt. Therefore, we find that the lower court did not err in determining that the evidence submitted by appellant did not demonstrate substantive grounds for relief sufficient to warrant a hearing.
 {¶ 10} Appellant's second assignment of error is overruled.
 IV {¶ 11} Appellant's third assignment of error states: "The overruling of an unopposed judicial release motion was an abuse of discretion."
 {¶ 12} Appellant contends that the trial court abused its discretion in overruling his motion for judicial release and that appellant's denial without a hearing was arbitrary and an abuse of discretion. Appellant's contention is misguided. The judicial release statute, codified at R.C. 2929.20, specifically provides that a trial court may deny the motion without a hearing. R.C.2929.20(C).
 {¶ 13} R.C. 2929.20(C) governs judicial release and states the following:
"(C) Upon receipt of a timely motion for judicial releasefiled by an eligible offender under division (B) of this sectionor upon the sentencing court's own motion made within theappropriate time period specified in that division, the court mayschedule a hearing on the motion. The court may deny the motionwithout a hearing but shall not grant the motion without ahearing. If a court denies a motion without a hearing, the courtmay consider a subsequent judicial release for that eligibleoffender on its own motion or a subsequent motion filed by thateligible offender. If a court denies a motion after a hearing,the court shall not consider a subsequent motion for thateligible offender. The court shall hold only one hearing for anyeligible offender."
(Emphasis added.)
 {¶ 14} Furthermore, the denial of a motion for judicial release is not a final appealable order. State v. Woods (2001),141 Ohio App.3d 549. This court is required to raise jurisdictional issues involving final appealable orders sua sponte. In re Murray (1990), 52 Ohio St.3d 155, 159, fn. 2,;Whitaker-Merrell v. Geupel Co. (1972), 29 Ohio St.2d 184, 186. The Supreme Court of Ohio held in State v. Coffman (2001),91 Ohio St.3d 125, that the denial of a motion for shock probation is never a final appealable order. With the adoption of Senate Bill 2 and Senate Bill 269, judicial release replaced shock probation effective July 1, 1996. Accordingly, the denial of a motion for judicial release is not a final appealable order.State v. Woods (2001), 141 Ohio App.3d 549.
 {¶ 15} Appellant's third assignment of error is overruled.
 {¶ 16} The judgment is affirmed.
Judgment affirmed.
 Dyke, P.J., and Celebrezze, Jr., J., concur.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
[1] See entry filed October 23, 2003, which states: "The court concluded from defendant's petition and the state's motion that the petition was insufficient to warrant a hearing and the petition should be dismissed as its allegations failed to satisfy the requirements for post-conviction relief."