JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Micah Williams ("Williams"), appeals his conviction and sentence. Having reviewed the record and pertinent law, we affirm in part and vacate that portion of the sentence that imposes solitary confinement on certain dates. The facts are as follows:
 {¶ 2} In August 2005, Williams was charged in a multi-count indictment with two counts of capital murder, two counts of aggravated robbery, and one count of tampering with evidence. Williams entered a plea of not guilty to the charges. On the day of trial, August 14, 2006, Williams entered into a plea agreement. As part of the agreement, the state amended its indictment and Williams entered pleas of guilty to one count of involuntary manslaughter, in violation of R.C. 2903.04(A) with a three-year firearms specification; one count of kidnapping, in violation of R.C. 2905.01(A)(3); one count of aggravated robbery, in violation of R.C. 2911.01(A)(1); and, one count of tampering with records, in violation of R.C. 2921.12. All of the amended charges are first degree felonies with the exception of tampering with evidence which is a third degree felony. The state made no recommendation as to the sentence.
 {¶ 3} After a comprehensive plea hearing in which the court explained all of the constitutional and non-constitutional rights he would be waiving by entering a guilty plea, Williams entered pleas of guilty to the amended charges. The trial court accepted the pleas and convicted Williams of the offenses as reflected in the amended indictment. A sentencing hearing was set for August 28, 2006. *Page 4 
 {¶ 4} At the sentencing hearing, the trial court sentenced Williams to 10 years on count one, involuntary manslaughter; three years on the firearms specification; six years on count two, kidnapping; six years on count three, aggravated robbery; and, five years on count four, tampering with evidence. The court ordered the terms to be served consecutively, resulting in a term of incarceration of 30 years.
 {¶ 5} After sentencing, Williams immediately filed a motion to vacate his guilty pleas. The court denied the motion without a hearing.
 {¶ 6} Williams now appeals, raising six assignments of error.
 I {¶ 7} In his first assignment of error, Williams challenges the court's authority to accept his plea of guilty to the kidnapping charge in count two where the indictment originally charged him with aggravated murder. Williams contends the court's action violates Crim.R. 7 and the United States Constitution.
 {¶ 8} Williams argues that the court failed to comply with Crim.R. 7(A) because Williams did not give a written waiver of the rights contained in that section of the rule. Crim.R. 7(A) applies to a waiver of the right to be prosecuted by indictment. Williams was prosecuted by indictment and the indictment was then amended pursuant to the plea agreement. There is no Crim.R. 7(A) issue in this case.
 {¶ 9} Williams also claims that the trial court was without authority to amend the indictment pursuant to Crim.R. 7(D). Crim.R. 7(D) prohibits any amendment to *Page 5 
the indictment which would change the nature or identity of the charged crime. If such amendment is sought by the state, the defendant has a right to a discharge of the jury (if one has been empaneled) or a reasonable continuance. However, nothing in Crim.R. 7 prohibits a defendant from acquiescing to amendment of the indictment, as he did here. The purpose of the rule is to ensure that the accused is aware of the charges he faces and can prepare his defense accordingly.
 {¶ 10} The provisions of Crim.R. 7(D) are primarily for the defendant's protection and like constitutional rights may be waived. As the Supreme Court of Ohio stated in Stacy v. Van Coren (1969),18 Ohio St.2d 188:
 {¶ 11} "The fact that the return of an indictment to charge one with a crime is a constitutional right does not prevent its waiver. Constitutional rights, as any other rights, may be waived." Id. at 190.
 {¶ 12} The court was addressing the situation where a defendant is indicted for one crime and, without further action by indictment or information, pleads guilty to a different crime, and stated:
 {¶ 13} "The proper procedure in this case would have been either the return of another indictment or for the petitioner to formally waive prosecution by indictment and agree to a prosecution by information. However, the fact that he did not do so but proceeded to plead to a different offense does not void his conviction. The petitioner's actions under the circumstances of this case, in voluntarily entering a plea of guilty while represented by counsel, constituted a waiver of his constitutional *Page 6 
right to indictment or information. Although such procedure may be erroneous it does not affect the validity of his conviction." Id.
 {¶ 14} The record in the instant case shows that the trial court, in order to effectuate the plea agreement Williams accepted, amended the indictment to reflect the new charge of kidnapping in count two. The court specifically asked Williams' trial counsel:
 {¶ 15} "THE COURT: [Counsel], on behalf of Mr. Williams, with respect to Count 2 as amended here on the record, do you waive any defect with respect to the amendment to Kidnapping under Revised Code Section2905.01(A)(2) and/or (A)(3)?
 {¶ 16} COUNSEL : "Yes, Judge, to facilitate the disposition, we waive any defect."
 {¶ 17} The trial court also specifically explained the amendment of count 2 of the indictment from aggravated murder to kidnapping to Williams, and asked Williams, "Do you understand that amendment, sir?" Williams replied, "Yes, sir."
 {¶ 18} Williams therefore waived any errors under Crim.R. 7(D) associated with the amendment to the indictment by the trial court. Additionally, since Williams voluntarily participated in the amendment of the indictment as part of his plea agreement, he cannot now raise the issue as error to attack his conviction. Stacy v. Van Coren, supra, at 190. See, also, The State Ex Rel. Beaver v. Konteh, Warden,83 Ohio St. 3d 519, 1998 Ohio 295, 700 N.E.2d 1256. *Page 7 
 {¶ 19} Finding no merit to Williams' arguments, we overrule his first assignment of error.
 II {¶ 20} In his second assignment of error, Williams argues that the trial court denied him due process by ordering him confined to solitary confinement on the dates of the victim's birthday and anniversary of her death. The state concedes that the trial court erred and we agree. As Williams points out, there is an abundance of case law in this and other appellate districts that have held that there is no statutory provision for this type of punishment, it is contrary to law and, therefore, the offending part of the sentence must be vacated. See State v.Vaughn, Carroll App. No. 683, 2002-Ohio-5046; State v. Shamaly, Cuyahoga App. No. 88409, 2007-Ohio-3409 at fn. 1 (citing to numerous Eighth District cases with identical holdings).
 {¶ 21} Williams' second assignment of error is well taken, and the part of the sentence ordering him to solitary confinement on the victim's birthday and on the anniversary of her death is vacated.
 III and IV {¶ 22} In his third assignment of error, Williams alleges that the trial court abused its discretion by refusing to hold a hearing on his motion to vacate his guilty plea and in denying that motion. In his fourth assignment of error, Williams claims ineffective assistance of counsel. As both assignments are based upon the alleged *Page 8 
misrepresentations of defense counsel, we will consider Williams' third and fourth assignments of error together.
 {¶ 23} Williams alleges that the state offered him two different plea agreements. In the first offer, he would plead to a series of reduced offenses in return for which he would be sentenced to a 20-year term of incarceration. The second offer, and the one he accepted, had him pleading to a series of reduced offenses and leaving the sentencing up to the trial judge. After the trial court imposed a sentence of 30 years, Williams immediately moved to vacate the plea on the grounds that his defense counsel misrepresented to him that the court would sentence him to less than 20 years. Williams supported his motion with an affidavit from his trial counsel which states:
 {¶ 24} "That in my professional judgment, considering all factors relating to sentencing in this particular matter, I counseled Mr. Williams to reject the agreed 20 year sentence and take his chance with the Court, as I was of the professional opinion that the State was merely making the offer because it did not believe that the Court would impose a sentence up to or in excess of 20 years."
 {¶ 25} Williams argues on appeal that the representation by trial counsel that the court would impose a sentence of less than 20 years was sufficient to warrant vacating his guilty plea and further that it establishes counsel's ineffectiveness. It should be noted that the state in its brief and at argument, takes issue with Williams' statement that the first plea agreement guaranteed a 20-year sentence. The state *Page 9 
insists the first offer was for Williams to plead guilty to fewer charges and thus expose himself to less of a potential maximum prison sentence, but required the trial court to impose a minimum term of 20 years. The actual sentence imposed, the state insists, could exceed 20 years at the court's discretion. This position of the state is however, nowhere reflected in the record. Nonetheless, whether the state or Williams is correct as to the terms of the first offer matters not to our determination of this appeal.
 {¶ 26} Crim.R. 32.1 governs withdrawal of guilty pleas and provides:
 {¶ 27} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
 {¶ 28} The decision to grant or deny a motion to withdraw a guilty plea lies within the sound discretion of the trial court. State v.Smith (1977), 49 Ohio St.2d 261, 264. "Thus, unless it is shown that the trial court acted unjustly or unfairly, there is no abuse of discretion. * * * One who enters a guilty plea has no right to withdraw it. It is within the sound discretion of the trial court to determine what circumstances justify granting such a motion. * * * . (Citations omitted.)" State v. Peterseim (1980), 68 Ohio App.2d 211 quotingBarker v. United States (C.A. 10, 1978), 579 F.2d 1219, 1223. *Page 10 
 {¶ 29} Because Williams' motion was post-sentence, he had to show that his motion to withdraw his plea of guilty was to correct a "manifest injustice." A post-sentence motion to vacate a plea is only permitted in extraordinary cases because the "accused might be encouraged to plead guilty to test the weight of potential punishment, and withdraw the plea if the sentence were unexpectedly severe." Id. at 213.
 {¶ 30} The manifest injustice alleged by Williams is the claimed ineffective assistance of counsel as manifested by his misrepresentation that Williams would receive a sentence of less than 20 years. To establish ineffective assistance of counsel, a defendant must demonstrate that counsel's performance fell below an objective standard of reasonable representation and that he was prejudiced by that performance. State v. Drummond, 111 Ohio St.3d 14, 2006-Ohio-5084, at 1[205, citing Strickland v.Washington (1984), 466 U.S. 668. "Judicial scrutiny of counsel's performance is to be highly deferential, and reviewing courts must refrain from second-guessing the strategic decisions of trial counsel." State v. Sallie (1998), 81 Ohio St.3d 673,674.
 {¶ 31} Williams relies upon the First Appellate District decision inState v. Collins (Feb. 13, 1998), Hamilton App. No. C-970138. In that case, defense counsel testified that he was certain he had heard the judge and prosecution promise that defendant would receive low-end concurrent sentences if he pleaded guilty. Both the prosecutor and the judge denied making such a promise, and the court imposed *Page 11 
consecutive sentences. On appeal, the plea was vacated because the appeals court found that counsel had relayed incorrect information to the defendant and that the defendant had relied upon the incorrect representations of his counsel in making his plea.
 {¶ 32} The facts in this case distinguish it from Collins. In the instant case defense counsel made no such misrepresentations. He relayed no incorrect statements or promises from the prosecutor or the court. There are no allegations that the court failed to advise Williams of the possible penalties for each of the offenses charged. This case is about defense counsel offering a professional opinion. Counsel gave Williams his best prediction of what he thought the court would do based upon years of experience and after consideration of all factors relating to sentencing in Williams' case. His prediction was wrong and the trial court imposed a sentence that Williams found to be unexpectedly severe. In hindsight, the other plea agreement offered may perhaps have been a better deal. However, the law does not permit a defendant to rescind a guilty plea simply because he realizes in hindsight that he made a poor choice.
 {¶ 33} The question here is whether counsel's performance fell below an objective standard of reasonable representation. Williams was facing aggravated murder charges with capital murder specifications. If tried and convicted, he faced the possibility of a sentence of death by lethal injection or life in prison without parole. The plea agreement the state offered, and counsel recommended Williams *Page 12 
take, reduced the charges and subjected Williams to a sentence range of between 10 and 38 years in prison. We find the reduction in the severity of the charges against Williams represented a distinct benefit to him, and that in accomplishing that part of the plea bargain, defense counsel rendered effective assistance to his client. Ineffective assistance of counsel being the sole basis for Williams' post-sentence motion to vacate, we find the trial court did not abuse its discretion in denying Williams' motion and overrule Williams' fourth assignment of error.
 {¶ 34} We also overrule Williams' third assignment of error. A hearing on a post-sentence motion to withdraw a plea of no contest is only required if the facts alleged by the defendant and accepted as true would require the court to permit that plea to be withdrawn. State v.Hamed (1989), 63 Ohio App.3d 5, 7 citing State v. Blatnik (1984),17 Ohio App.3d 201, 202. The facts alleged by Williams, and supported by counsel's affidavit, show only that counsel, based upon his many years of experience, made a prediction that the judge would likely impose a sentence of less than 20 years. This is not sufficient grounds to require the trial court to permit Williams to withdraw his plea, therefore the court was not required to hold an evidentiary hearing.
 V {¶ 35} Appellant's fifth assignment of error alleges that the use of biblical references by the judge during sentencing violated his due process rights and prevented him from having a fundamentally fair sentencing hearing. Williams argues *Page 13 
that the trial court used the bench as a pulpit and that the court imposed an additional 10 years based upon the judge's personal religious beliefs. We find no merit to this argument.
 {¶ 36} Williams supports his argument with his own assertion that, "at one time the State would have accepted an agreed 20 year sentence." Aside from the state's insistence that the offer was for a minimum of 20-years with the actual term to be determined by the trial court, the fact is Williams turned down that offer, deciding instead to roll the dice and hope that his counsel's prediction of less than 20 years came true. Whether the state would have been satisfied with a lesser sentence has no bearing on the issue of the fairness of the sentencing hearing.
 {¶ 37} In State v. Arnett (2000), 88 Ohio St.3d 208, the Supreme Court of Ohio addressed this issue and set forth the standard for determining whether the trial court's use of biblical references in sentencing violates a criminal offender's right to due process. The Court stated:
 {¶ 38} "[W]e hold that when a sentencing judge acknowledges that he or she has consulted a religious text during his or her deliberations and quotes a portion of that text on the record in the sentencing proceeding, such conduct is not per se impermissible and does not violate the offender's right to due process, when the judge adheres to the sentencing procedures outlined in the Revised Code and when the judge's religious references do not impair the fundamental fairness of the sentencing proceeding." Id. at 222. *Page 14 
 {¶ 39} The fundamental fairness of sentencing is impaired when the judge's personal religious principles form "the basis of a sentencing decision." Id. at 221 quoting United States v. Bakker (C.A.4, 1991),925 F.2d 728, 741. However, where the record discloses many factors that cumulatively form the basis of the court's sentence and the references to the Bible is but one factor, among many, that supported the judge's decision, there is no constitutional violation. Arnett at 221-222.
 {¶ 40} We disagree with Williams statement that, "the trial judge's reliance on his personal religious beliefs seem to relieve him of his responsibility imposed by the sentencing code of arriving at a just sentence." The record does not support this assertion.
 {¶ 41} The trial judge made two brief biblical references in response to what he called the "faith-filled" comments made by Williams, his family, and his pastor in court. The first biblical reference was to the prophet Jonah and was in the context that Williams caused his own "violent storm" and that it was Williams' own actions that brought him before the trial court that day. We find no fault in that sentiment.
 {¶ 42} The second reference to the Bible was to the prophet Micah. We disagree with Williams' characterization of the judge's comments as relieving himself of the responsibility for imposing a harsh sentence. The judge's comments reflect his belief in an afterlife and that the imposition of punishment in this life rests on judges like him, but that in the "ultimate life," God will assess either punishment *Page 15 
or mercy. While this court may find such comments ill-advised, theBakker court recognized that "a trial judge on occasion will misspeak during sentencing and that every ill-advised word will not be the basis for reversible error." Bakker, 925 F.2d at 741.
 {¶ 43} The record reflects that the trial court relied upon many factors prior to imposing its sentence of 30 years. The court heard and considered statements from members of Williams' family as well as the victim's family. Thirteen people addressed the court and offered their input into the sentencing process. The court considered the seriousness and recidivism factors under R.C. 2929.12 and discussed on the record the age of the victim and Williams' past criminal record, which included three juvenile adjudications, three misdemeanor convictions, and seven felony convictions. There is no indication that the judge in sentencing, deferred his decision-making to a "higher power".
 {¶ 44} Williams' fifth assignment of error is overruled.
 VI {¶ 45} In his sixth and final assignment of error, Williams alleges that the cumulative errors during the guilty plea, sentencing hearing, and post-sentencing deprived him of his due process rights. We have reviewed the entire record and addressed Williams' first five assignments of error. We find no cumulative errors that deprived Williams of his rights. The only error found was in the trial court's *Page 16 
sentence of solitary confinement. We vacated that sentence. Finding no other error, Williams' sixth assignment of error is overruled.
 {¶ 46} Because we find the trial court erred in ordering solitary confinement as part of its sentence, we affirm in part and vacate in part.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution by modifying its judgment entry to delete that portion ordering solitary confinement. The defendant's conviction having been otherwise affirmed, any bail pending appeal is terminated. Case remanded to the trial court for correction of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 JAMES J. SWEENEY, P.J., and, ANTHONY O. CALABRESE, JR., J., CONCUR. *Page 1