JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Mark Makupson, ("defendant"), appeals from the trial court's decision that denied his post-sentence motion to withdraw his guilty plea without holding an evidentiary hearing. As set forth below, we affirm.
 {¶ 2} On May 8, 2006, defendant entered a guilty plea to a third-degree felony drug offense. During the plea hearing, the parties discussed what was referred to as "the federal issue." The State explained that both defendant and his co-defendant and their attorneys "have been made aware of this potential case that has not yet been indicted. * * * the Sergeant [who spoke to members of ATF indicated that] * * * when and if it is indicted, it will be indicted in Cuyahoga County and not federally."[1] Defendant's counsel placed on the record that defendant "understands * * * part of this [guilty plea] agreement is that the possible pending charge will not be pursued federally. * * * it's my understanding he will plead voluntarily and knowingly, with the only understanding being that the possible pending charge would not be pursued with the Federal authorities."[2]
 {¶ 3} The co-defendant then also pled guilty with the same understanding that any possible second case stemming from a search would be indicted in state rather than federal court.
 {¶ 4} Following the tendered plea terms, the court stated: *Page 4 
 {¶ 5} "Okay. It's too soon to know whether there will be another case,but soon enough to know it could be a problem. So that's part of the deal, is that right, with the State?"
 {¶ 6} The State responded:
 {¶ 7} "[T]he State can't — we have no control over who indicts the case. I spoke with Sergeant Richardson, and he has assured me this case is going to be indicted in Cuyahoga County and not federally.
 {¶ 8} "He has spoken with ATF officers and other officers involved in this case, and they are not pursuing it federally. The State, the Prosecutor's Office, cannot make these guarantees. We have no control over it. But it is not going to be indicted federally per the detectives involved in the case."[3]
 {¶ 9} The court then made the contingency of the plea agreement clear for the record:
 {¶ 10} "Sergeant, you've discussed this with ATF, they understand these two individuals will be changing their pleas today, and part of the ongoing negotiations, the charges arising out of the raid at 66th and Hough, should they come to either of these two gentlemen, Mr. White or Mr. Makupson, will result in State and not Federal indictments pertaining to those two individuals."[4] This was confirmed by the *Page 5 
Sergeant. The court then conducted a colloquy with the defendant, reviewing his various constitutional rights and the potential consequences of his guilty plea. The court specifically inquired of defendant, "Has anyone threatened you or promised you anything other than that you would not receive a federal indictment for the incident arising out of * * * 66th and Hough."[5] The court repeated, "Did anyone threaten or promise you anything other than you would not face a federal indictment?
 {¶ 11} "You still may face a state indictment. Who knows what theinvestigation will lead to, but you will not face an indictment for the raid that was taken place on 66th and Hough.
 {¶ 12} "Other than that, have you been threatened or has anyone promised you anything?"
 {¶ 13} The defendant responded, "No, your Honor."[6]
 {¶ 14} Satisfied that the defendant was knowingly, voluntarily, and intelligently entering his guilty plea, the trial court accepted it. Defendant was sentenced to serve a four-year prison term.
 {¶ 15} On September 27, 2006, defendant filed a motion to withdraw his guilty plea, which the trial court denied and is the subject of the present appeal. The defendant raises a sole assignment of error, which states: *Page 6 
 {¶ 16} "I. Defendant was denied due process of law when the court overruled his motion to withdraw his plea without an evidentiary hearing."
 {¶ 17} A motion to withdraw a guilty plea is governed by the standards set forth in Crim.R. 32.1, which states:
 {¶ 18} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
 {¶ 19} Accordingly, a defendant who attempts to withdraw a guilty plea after sentence has been imposed bears the burden of demonstrating a manifest injustice. State v. Smith (1977), 49 Ohio St.2d 261. This Court has stated that "[a] manifest injustice is defined as a `clear or openly unjust act.' * * * `an extraordinary and fundamental flaw in the plea proceeding.' Again, `manifest injustice' comprehends a fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through another form of application reasonably available to him or her." State v. Sneed, Cuyahoga App. No. 80902, 2002-Ohio-6502.
 {¶ 20} "A motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." Smith, supra at paragraph 2 of the syllabus.[7] Our review is limited such that we cannot reverse the trial court's denial of the motion unless we find that the ruling was an abuse of discretion. Id.
 {¶ 21} The trial court need not hold an evidentiary hearing on the post-sentence motion to withdraw a guilty plea if the "record indicates that the movant is not entitled to relief and the movant has failed to submit evidentiary documents sufficient to demonstrate a manifest injustice." State v. Russ, Cuyahoga App. No. 81580, 2003-Ohio-1001 [citations omitted].
 {¶ 22} "The trial court cannot grant a motion to withdraw a plea based upon an affidavit which directly contradicts] the record." State v.Yearby (Jan. 24, 2002), Cuyahoga App. 79000, citing State v.Winters (July 20, 1998), Licking App. No. 97CA144.
 {¶ 23} The basis of defendant's motion to withdraw his guilty plea is contained in defendant's affidavit that was attached to the motion. In the affidavit, defendant avers that he relied on various allegedly untrue and inaccurate information when he entered his guilty plea, including: (1) that federal charges would not be filed in connection with a search of a home by Cleveland Police Officers; (2) that his counsel *Page 7 
and the prosecutor represented that he was going to be indicted federally; (3) that he just learned these alleged misrepresentations were false; and (4) that he "did not have a full understanding and based upon a misrepresentation concerning a claim of federal involvement he would not have entered a plea of guilty."
 {¶ 24} Defendant's assertions contradict the record. His guilty plea was made contingent on an agreement that if he were to be charged with crimes emanating from a search of a Cleveland residence, the charges would be made in state rather than federal court. Defendant was not informed that he was definitely going to be charged in connection with the search. Instead, the various parties repeatedly referred to the charges as "possible" and "potential." The court specifically informed the defendant, "You still may face a state indictment. Who knows whatthe investigation will lead to, * * * for the raid that was taken place on 66th and Hough."[8]
 {¶ 25} It is clear that defendant was promised that when and ifhe were to be charged, he would face the charges in state court. It is equally clear that charges may not be forthcoming when the court stated, "the charges arising out of the raid at 66th and Hough, should they cometo either of these two gentlemen, Mr. White or Mr. Makupson, will result in State and not Federal indictments pertaining to those two individuals."[9] There is no indication in this record that this promise has been *Page 8 
breached. There is no evidence or allegation whatsoever that defendant has been charged in federal court contrary to the terms of his plea agreement. Accordingly, the trial court did not err when it denied defendant's post-sentence motion to withdraw his guilty plea.
 {¶ 26} Defendant's sole assignment of error is overruled. Judgment affirmed. It is ordered that appellee recover from appellant its costs herein taxed. The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. Any bail pending appeal is terminated.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, J., and MELODY J. STEWART, J., CONCUR
[1] Tr. at 8, emphasis added.
[2] Id. at 9-10, emphasis added.
[3] Id. at 11, emphasis added.
[4] Id. at 12, emphasis added.
[5] Id at 28.
[6] Id. at 28-29, emphasis added.
[7] "The logic behind this precept is to discourage a defendant from pleading guilty to test the weight of potential reprisal, and later withdraw the plea if the sentence was unexpectedly severe." State v.Caraballo (1985), 17 Ohio St.3d 66, 67, citing State v. Peterseim
(1980), 68 Ohio App.2d 211, 213, quoting Kadwell v. United States (C.A. 9, 1963), 315 F.2d 667.
[8] Tr. at 28-29, emphasis added.
[9] Id. at 12, emphasis added. *Page 1