The STATE of Ohio, Appellee,

v.

MAYS, Appellant.

[Cite as *State v. Mays,* 174 Ohio App.3d 681, 2008-Ohio-128.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 89362.

Decided Jan. 17, 2008.

682

William D. Mason, Cuyahoga County Prosecuting Attorney, and Brian S. Deckert, Assistant Prosecuting Attorney, for appellee.

Robert E. Davis, for appellant.

---

CHRISTINE T. MCMONAGLE, Judge.

{¶ 1} In 2003, after a jury trial, defendant-appellant, Daniela Mays, was convicted of the murder and felonious assault of a 77–year–old man that she befriended and then proceeded to poison. On appeal, due to the trial court's erroneous jury instructions, this court reversed her convictions and ordered a new trial. *State v. Mays*, 161 Ohio App.3d 175, 2005-Ohio-2609, 829 N.E.2d 773.

{¶ 2} Rather than face retrial, on February 24, 2006, Mays entered a plea of guilty to one count each of involuntary manslaughter and felonious assault. The trial court sentenced her to an agreed-upon sentence of eight years on each count, to be served concurrently.

{¶ 3} On December 27, 2006, ten months after she was sentenced, Mays filed a motion to withdraw her plea. The trial court denied her motion without a hearing. Mays now appeals from the trial court's order denying her motion to withdraw her plea. She claims that the trial court erred in denying her motion and, further, that she was at least entitled to a hearing on her motion. We find Mays's argument regarding the necessity of a hearing persuasive and, accordingly, reverse and remand.

{¶ 4} Pursuant to Crim.R. 32.1, a trial court may permit a defendant to withdraw her guilty plea after sentence has been imposed in order to correct a manifest injustice. *State v. Bush*, 96 Ohio St.3d 235, 2002-Ohio-3993, 773 N.E.2d 522; *State v. Smith* (1977), 49 Ohio St.2d 261, 3 O.O.3d 402, 361 N.E.2d 1324. The manifest-injustice standard requires a showing of "extraordinary" circumstances, and the defendant bears the burden of showing the existence of a manifest injustice. *Smith* at 264, 3 O.O.3d 402, 361 N.E.2d 1324. The heavy standard is meant to avoid the possibility of a defendant pleading guilty to test the weight of potential punishment and later withdrawing the plea if the sentence

was unexpectedly severe. *State v. Makupson,* Cuyahoga App. No. 89013, 2007-Ohio-5329, 2007 WL 2894231, at ¶ 20, fn. 7, citing *State v. Caraballo* (1985), 17 Ohio St.3d 66, 67, 17 OBR 132, 477 N.E.2d 627.

{¶ 5} A motion to withdraw a guilty plea under Crim.R. 32.1 is addressed to the discretion of the trial court, and a reviewing court will not interfere with that decision absent an abuse of discretion. *Smith* at paragraph two of the syllabus. The good faith, credibility, and weight of the movant's assertions in support of the motion are matters to be resolved by the trial court. Id. The timeliness of the motion is a factor to consider in weighing credibility, as "an undue delay between the occurrence of the alleged cause for withdrawal [of a guilty plea] and the filing of the motion is a factor adversely affecting the credibility of the movant and militating against the granting of the motion." Id. at 264, 3 O.O.3d 402, 361 N.E.2d 1324.

{¶ 6} A trial court need not hold an evidentiary hearing on a postsentence motion to withdraw a guilty plea if the record indicates the movant is not entitled to relief and the movant has failed to submit evidentiary documents sufficient to demonstrate a manifest injustice. *State v. Russ,* Cuyahoga App. No. 81580, 2003-Ohio-1001, 2003 WL 759664, at ¶ 12. But a hearing on a postsentence motion to withdraw a plea is required if the facts alleged by the defendant and accepted as true would require the court to permit that plea to be withdrawn. *State v. Williams,* Cuyahoga App. No. 88737, 2007-Ohio-5073, 2007 WL 2793345, at ¶ 34, citing *State v. Hamed* (1989), 63 Ohio App.3d 5, 7, 577 N.E.2d 1111.

{¶ 7} In her motion to withdraw her plea, Mays alleged that she had been denied effective assistance of counsel and her guilty plea had not been knowingly, voluntarily, and intelligently made because it was induced by her lawyer's erroneous advice. Specifically, Mays alleged that her lawyer told her that although she would be sentenced to an agreed-upon sentence of eight years, she would receive three days' credit on her prison term for every day she had spent in jail prior to the first trial and after remand for the second trial, and that she would be eligible for judicial release or parole within a year after being sentenced. Mays asserted that she would not have pleaded guilty but for these representations. Mays alleged that she finally learned from her prison counselor in October 2006 that three-for-one jail-time credit applies only when calculating time relating to when a defendant must be brought to trial under Ohio's speedy-trial statute, and that she would not be eligible for any three-for-one credit toward her sentence. Mays asserted that she was "lied to, misled, and duped into pleading guilty based upon false and misleading legal advice" from her lawyer and, therefore, she sought to withdraw her plea.

{¶ 8} Ineffective assistance of counsel is a proper basis for seeking postsentence withdrawal of a guilty plea. *State v. Dalton,* 153 Ohio App.3d 286, 2003-Ohio-3813, 793 N.E.2d 509, at ¶ 18; *Hamed,* 63 Ohio App.3d at 8, 577 N.E.2d 1111. Moreover, a guilty plea is not voluntary if it is the result of ineffective assistance of counsel. *State v. Banks,* 9th Dist. No. 01CA007958, 2002-Ohio-4858, 2002 WL 31059911, at ¶ 16.

{¶ 9} A claim of ineffective assistance of counsel requires a showing that the lawyer's conduct fell below professional standards and that the defendant was prejudiced as a result. *Strickland v. Washington* (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674; *State v. Johnson* (2000), 88 Ohio St.3d 95, 108, 723 N.E.2d 1054. When a defendant claims ineffective assistance after entering a guilty plea, she must also show that the ineffective assistance precluded her from entering the plea knowingly and voluntarily. *State v. Doak,* 7th Dist. Nos. 03 CO 15 and 03 CO 31, 2004-Ohio-1548, 2004 WL 614851, at ¶ 55; *State v. Sopjack* (Dec. 15, 1995), 11th Dist. No. 93–G–1826, 1995 WL 869968.

{¶ 10} A lawyer's mistaken prediction about the likelihood of a particular outcome after correctly advising the client of the legal possibilities is insufficient to demonstrate ineffective assistance of counsel. *State v. Creary,* Cuyahoga App. No. 82767, 2004-Ohio-858, 2004 WL 351878, at ¶ 10, citing *United States v. Sweeney* (C.A.2, 1989), 878 F.2d 68, 70. See also *Williams,* 2007-Ohio-5073, 2007 WL 2793345, at ¶ 34. Mays's motion, however, "claims that [her] lawyer effectively misinformed [her] concerning the possibilities legally available, rather than simply misadvising [her] about the likelihood of a particular outcome. While we give considerable deference to a lawyer's judgment when advising a client about the likelihood of outcomes within the range of possibilities, there is no justification for misinforming a client about the state of unambiguous law." *Creary* at ¶ 10, citing *United States ex rel. Hill v. Ternullo* (C.A.2, 1975), 510 F.2d 844, 847.

{¶ 11} Mays's affidavit, which essentially reiterated the facts set forth above, was attached to her motion. The affidavit of Heidi Straubhaar, whose relationship to Mays is unknown, was also attached to Mays's motion. Straubhaar's affidavit offered nothing to support Mays's allegations, because it reported only Straubhaar's conversations with Mays, in which Mays allegedly told her that her attorney had promised her that she would receive three-for-one credit toward her prison sentence.

{¶ 12} The affidavit of Rosemary Mays, appellant's mother, was also attached to Mays's motion to withdraw her plea. In her affidavit, Rosemary Mays averred that she had spoken with defense counsel after Mays had pleaded guilty. According to Rosemary Mays:

{¶ 13} "[Defense counsel] informed me that Daniela had been given this great deal and that the deal was that Daniela entered a guilty plea for eight years on the charges of involuntary manslaughter and felonious assault. [Defense counsel] explained to me that Daniela would be given credit of three-for-one days jail time credit towards her sentence and be immediately eligible for judicial release or parole within a year after being sentenced. [Defense counsel] told me not to worry because the judge had told Daniela that she would receive the three-for-one-day jail credit." These allegations, none of which are correct statements of the law, if true, might demonstrate an invalid plea.

{¶ 14} A trial court may, in the exercise of its discretion, judge the credibility of affidavits submitted in support of a motion to withdraw a plea in determining whether to accept the affidavits as true statements of fact. *State v. Robinson*, 11th Dist. No. 2003–A–0125, 2005-Ohio-5287, 2005 WL 2416547, at ¶ 28. To hold otherwise would require a hearing every time a defendant filed a motion to withdraw a guilty plea. Id. Nevertheless, despite our recognition that it is highly unlikely that defense counsel would be mistaken about when three-for-one jail-time credit applies, there is nothing in the record to refute Rosemary Mays's allegations. The record of the plea hearing demonstrates that the judge told Mays that "consistent with the agreement, you'd be given credit for time served, *as calculated*," but there was no discussion regarding how the time was to be calculated or how many days' credit Mays would receive. This ambiguity in the record, coupled with Rosemary Mays's affidavit, required a hearing regarding the credibility of Mays's claims.

{¶ 15} Finally, we note that although Mays did not file her motion until ten months after she was sentenced, a delay that certainly weighs in favor of denying her motion, Mays contends that she did not learn that she would not receive three-for-one credit until October 2006. This assertion, if true, would adequately explain the delay in filing the motion.

{¶ 16} We express no opinion regarding the ultimate disposition of Mays's motion upon remand, but reverse and remand so the trial court can hold a hearing to determine the credibility of Mays's allegations in support of her motion.

{¶ 17} Appellant's second assignment of error is sustained. Appellant's first assignment of error is therefore moot, and we need not consider it. See App.R. 12(A)(1)(c).

Judgment reversed
and cause remanded.

BOYLE, J., concurs.

CELEBREZZE JR., P.J., dissents.

FRANK D. CELEBREZZE JR., Presiding Judge, dissenting.

{¶ 18} I respectfully dissent because I believe that the record shows that appellant knowingly, intelligently, and voluntarily pleaded guilty to one count of involuntary manslaughter and one count of felonious assault and that the trial court properly denied her motion to withdraw her plea. Therefore, I would affirm.

{¶ 19} Under Crim.R. 32.1, "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct a manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

{¶ 20} The decision to grant or deny a motion to withdraw lies within the sound discretion of the trial court. *State v. Smith* (1977), 49 Ohio St.2d 261, 3 O.O.3d 402, 361 N.E.2d 1324, at paragraph two of the syllabus. To constitute an abuse of discretion, the ruling must be more than legal error; it must be unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 5 OBR 481, 450 N.E.2d 1140.

{¶ 21} In support of her motion to withdraw her guilty plea, appellant argues that she was denied effective assistance of counsel. In order to substantiate a claim of ineffective assistance of counsel, the appellant is required to demonstrate that (1) the performance of defense counsel was seriously flawed and deficient and (2) the result of the appellant's trial or legal proceeding would have been different had defense counsel provided proper representation. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. In reviewing a claim of ineffective assistance of counsel, it *must* be presumed that a properly licensed attorney executes his legal duty in an ethical and competent manner. *State v. Smith* (1985), 17 Ohio St.3d 98, 17 OBR 219, 477 N.E.2d 1128.

{¶ 22} In support of her motion, appellant attached three affidavits: one each from herself, her mother, and Heidi Straubhaar. But for these affidavits, there is no evidence that appellant's attorney gave her the alleged erroneous advice, and trial counsel is entitled to a strong presumption that her conduct fell within the range of reasonable professional assistance. *State v. Cook* (1992), 65 Ohio St.3d 516, 524–525, 605 N.E.2d 70. Further, Straubhaar's affidavit reports only what Mays told Straubhaar about the jail-time credit. Finally, the affidavit of appellant's mother indicates that the attorney told her about the jail-time credit after the plea hearing had already taken place.

{¶ 23} The good faith, credibility, and weight of the movant's assertions in support of the motion are matters to be resolved by the trial court. *State v. Smith*, (1977), 49 Ohio St.2d 261, 264, 3 O.O.3d 402, 361 N.E.2d 1324. "When affidavits are offered in support of a petition for postconviction relief, the court has the authority to weigh the credibility of those affidavits and deny based upon its assessment of them." *State v. Caldero*, Cuyahoga App. No. 83729, 2004-Ohio-2337, 2004 WL 1047697, citing *State v. Yearby* (May 1, 2002), Cuyahoga App. No. 79000, 2002 WL 120530.

{¶ 24} "A trial court need not hold an evidentiary hearing on a motion to withdraw a plea if the only evidence provided consists of affidavits from interested parties which conflict with the facts elicited at the plea hearing." *Caldero* at ¶ 8. Additionally, "[a]n evidentiary hearing on a post-sentence motion to withdraw a guilty plea is not required if the facts, as alleged by the defendant and accepted as true by the court, would not require that the guilty plea be withdrawn. Generally, a self-serving affidavit * * * is insufficient to demonstrate manifest injustice." *State v. Wilkey*, Muskingum App. No. CT2005–0050, 2006-Ohio-3276, 2006 WL 1745065, ¶ 26.

{¶ 25} Further, in *State v. Woolfolk* (Mar. 22, 2001), Cuyahoga App. No. 76671, 2001 WL 280134, this court held that it was not an abuse of discretion for the trial court to discount affidavits from an appellant and the appellant's girlfriend because of the relationship between the affiants. Clearly, in the instant case, appellant's mother is an interested party; thus, the trial court did not abuse its discretion when it denied appellant's motion without holding a hearing.

{¶ 26} After weighing the credibility of the motion and the affiants, without a hearing, the trial judge correctly denied appellant's motion.

{¶ 27} The trial court also properly complied with the requirements of Crim.R. 11(C). Crim.R. 11(C) provides:

{¶ 28} "(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept [such a plea] without first addressing the defendant personally and * * *:

{¶ 29} "(a) Determining that [he] is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved and, if applicable, that [he] is not eligible for probation * * *.

{¶ 30} "(b) Informing [him] of and determining that [he] understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

{¶ 31} "(c) Informing [him] and determining that [he] understands that by the plea [he] is waiving the rights to jury trial, to confront witnesses against him * * *, to have compulsory process for obtaining witnesses in [his] favor, and to

require the state to prove [his] guilt beyond a reasonable doubt at a trial at which [he] cannot be compelled to testify against himself * * *."

{¶ 32} In order to comply with Crim.R. 11(C), a trial court must determine whether the defendant fully comprehends the consequences of her plea of guilty. Such a determination is made through an oral dialogue between the trial court and the defendant who is entering the plea of guilty.

{¶ 33} A review of the trial court's journal entry shows that appellant's plea was knowingly, intelligently, and voluntarily made. At the hearing, appellant was advised of her constitutional rights. Appellant indicated that she wished to make a plea and that she understood that she was giving up trial rights, including her right to a jury trial. She stated that she was not under the influence of any drugs or alcohol, that she was satisfied with her legal representation, and that no one had made any promises in order to induce her to change her plea. At no time during the plea hearing did appellant inform the court, or ask questions about, a three-to-one jail-time credit. After finding that appellant "knowingly [and] voluntarily entered her plea with a full understanding of her constitutional and trial rights," the judge accepted appellant's plea.

{¶ 34} In conclusion, after a review of the plea-hearing transcript, there is no evidence of a manifest injustice in this case. "The plea transcript has greater probative value than the affidavit[s]" submitted by appellant. *Caldero*, 2004-Ohio-2337, 2004 WL 1047697 at ¶ 9. Therefore, the trial court did not abuse its discretion when, without a hearing, it denied appellant's motion to withdraw her guilty plea. Accordingly, appellant's first and second assignments of error should be overruled.