[Cite as *State v. Hall*, 2023-Ohio-4539.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 112626 |
| v. | : | |
| MAYSHAUN HALL, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** December 14, 2023

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-19-637420-A

## *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Tasha L. Forchione, Assistant Prosecuting Attorney, *for appellee*.

Russell S. Bensing, *for appellant*.

FRANK DANIEL CELEBREZZE, III, P.J.:

{¶ 1} Appellant Mayshaun Hall ("Hall") appeals the decision of the trial court denying his motion to withdraw his guilty plea and alleging ineffective assistance of counsel. After a thorough review of the relevant law and facts, this court affirms.

## I. Factual and Procedural History

{¶ 2} In January 2019, a Cuyahoga County Grand Jury returned an 18-count indictment charging Hall for a series of crimes occurring between January 2017 and March 2018. The charges were as follows: Count 1 charged Hall with trafficking in violation of R.C. 2925.03(A)(2) with the following specifications: a one-year firearm specification, a major drug offender ("MDO") specification, forfeiture of money in a drug case, forfeiture of an automobile in a drug case, forfeiture of a gun in a drug case, forfeiture of a cell phone in a drug case, forfeiture of a scale in a drug case, and forfeiture of property.[1] Count 2 charged Hall with drug possession in violation of R.C. 2925.11(A) and contained all of the same specifications as Count 1. Counts 3, 5, and 7 charged Hall with trafficking in violation of R.C. 2925.03(A)(2) and contained all of the same specifications except for the MDO specification. Counts 4, 6, 8, 9, and 10 charged Hall with drug possession in violation of R.C. 2925.11(A) and contained specifications for forfeiture of money in a drug case, forfeiture of an automobile in a drug case, forfeiture of a gun in a drug case, forfeiture of a cell phone in a drug case, forfeiture of a scale in a drug case, and forfeiture of a scale in a drug case. Count 11 charged Hall with having weapons while under disability ("HWUD") in violation of R.C. 2923.13(A)(3) and contained specifications for forfeiture of the

---

[1] The forfeiture of property specification specifically pertained to an "HP laptop computer and/or [iPad] and/or jewelry and/or other drug related items which is contraband and/or property derived from or through the commission or facilitation of an offense, and/or is an instrumentality the offender(s) used or intended to use in the commission or facilitation of a felony offense." All "forfeiture of property" specifications in Hall's indictment pertain to these same listed items unless another form of property is specifically noted.

weapon and forfeiture of property. Count 12 charged Hall with possessing criminal tools in violation of R.C. 2923.24(A) and contained the same specifications as listed in Counts 4, 6, 8, 9, and 10. Counts 13, 15, and 17 charged Hall with money laundering in violation of R.C. 1315.55(A)(4) and contained a specification for forfeiture of property related to $78,094 in cash. Counts 14 and 18 charged Hall with money laundering in violation of R.C. 1315.55(A)(1) and contained a specification for forfeiture of property related to $78,094 in cash. Count 16 charged Hall with money laundering in violation of R.C. 1315.55(A)(2) and contained a specification for forfeiture of property related to $78,094 in cash.

{¶ 3} Due to the size of the case and nature of the charges, significant discovery and motion practice ensued. Hall's trial was ultimately delayed several times on Hall's own motions and the court's motions related to the COVID-19 pandemic.

{¶ 4} Nearly three years later, on February 17, 2022, Hall accepted a plea deal and pleaded guilty to an amended Count 1, modified by deletion of the one-year firearm specification and the MDO specification and a decrease in the amount of cocaine, reducing the charge to a third-degree felony; an amended Count 3, modified by deletion of the one-year firearm specification and a decrease in the amount of heroin, reducing the charge to a third-degree felony; Count 12 (possessing criminal tools); and Count 18 (money laundering). All remaining counts were nolled. Hall was instructed to forfeit the $78,094 in cash as well as numerous articles of personal property.

{¶ 5} The court sentenced Hall on April 6, 2022. Hall received the following individual sentences: 36 months on Count 1; 36 months on Count 3; 12 months on Count 12; and 36 months on Count 18. Counts 1, 3, and 18 were run consecutive, for a total of 9 years.

{¶ 6} On June 1, 2022, Hall, through his attorney, filed a motion to withdraw his plea. In the motion, Hall's counsel detailed that at the time Hall entered his plea, "[t]he parties agreed to a recommended three year sentence" that was expressed to the court at the time of the plea. In the motion, Hall's counsel noted that he told Hall that he may receive a sentence between three and six years, but "never advised [Hall] that it was even in the realm of possibilities that he would receive a nine year sentence." Hall's counsel continued:

> Counsel unintentionally misled [Hall]. Based on 25 years of experience, counsel had never seen 3 third degree felonies net in a 9 year sentence. The Defendant did not enter a knowing plea. He could not have known he was looking at a nine year sentence because his attorney gave him bad information. Counsel is asking that he be allowed to withdraw his plea and seek new counsel or try his case. The plea must be withdrawn to prevent a manifest injustice.

{¶ 7} The state opposed Hall's motion, arguing that no manifest injustice had occurred and argued that from an evidentiary standpoint, Hall failed to attach an affidavit or transcript of the plea hearing in support of his motion. Hall's counsel then supplemented his motion to withdraw with an affidavit, averring the same statements contained in Hall's motion to withdraw his guilty plea.

{¶ 8} In March 2023, the court denied Hall's motion to withdraw his guilty plea, noting that the court "correctly informed [Hall] at the plea hearing the advisements under Crim.R. 11(C)(2)."

{¶ 9} Hall timely appealed from this entry, assigning two errors for our review:

> I. The trial court erred in denying defendant's motion to vacate his plea, in derogation of defendant's rights under the Fifth and Fourteenth amendments to the United States Constitution.
>
> II. The defendant was denied the effective assistance of counsel, in derogation of his rights under the Sixth and Fourteenth amendments to the United States Constitution.

## II. Law and Analysis

{¶ 10} Crim.R. 32.1 provides that "[a] motion to withdraw a plea of guilty * * * may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." A finding of manifest injustice is "allowable only in extraordinary cases." *State v. Smith*, 49 Ohio St.2d 261, 264, 361 N.E.2d 1324 (1977). This high standard was meant to "discourage a defendant from pleading guilty to test the weight of potential reprisal, and later withdraw[ing] the plea if the sentence was unexpectedly severe." *State v. Caraballo*, 17 Ohio St.3d 66, 67, 477 N.E.2d 627 (1985). We review motions to withdraw pleas for an abuse of discretion. *State v. Caldero*, 8th Dist. Cuyahoga No. 83729, 2004-Ohio-2337, ¶ 8, citing *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992). An abuse of discretion occurs when a court exercises its judgment in an unwarranted way

regarding a matter over which it has discretionary authority. *Johnson v. Abdullah*, 166 Ohio St.3d 427, 2021-Ohio-3304, 187 N.E.3d 463, ¶ 35.

{¶ 11} Hall argues that counsel's "wrong advice" induced him to take a plea. Hall argues that "[t]his was not a situation, as noted, where counsel simply made a prediction as to what the judge would do at sentencing, and the prediction proved inaccurate. Counsel, based upon his experience, believed that there was no possibility that the judge would impose maximum consecutive[] sentences on a plea" based on the nature of the charges. Because of this, Hall argues that his plea was not intelligent, knowing, and voluntary.

{¶ 12} Typically, a plea is entered knowingly and voluntarily if the trial court advised the defendant regarding the nature of the charge and the maximum penalty involved, the effect of entering a plea to the charge, and that the defendant will be waiving certain constitutional rights by entering the plea. *State v. Kelley*, 57 Ohio St.3d 127, 129, 566 N.E.2d 658 (1991); Crim.R. 11(C)(2).

{¶ 13} During the plea hearing, the trial court engaged Hall in a significant colloquy, confirmed that Hall had not been made any promises, informed Hall of the maximum penalty, which could be ten years, and further informed Hall that it did not have to go along with the sentencing recommendation. The court also confirmed that Hall was satisfied with his counsel.

> THE COURT: Has anyone, including your attorney, the prosecutor, or this Court made any promises, threats or other inducements to you other than what has been said on the record here this morning?
>
> * * *

DEFENDANT HALL: No.

* * *

THE COURT: Mr. Hall, you understand there's an agreed sentence between the State of Ohio and your counsel, but the Court has not agreed. Do you understand that?

DEFENDANT HALL: Yes.

THE COURT: Sometimes I go with it. Sometimes I don't. I don't know anything about you or this case except what I have heard thus far on your plea. Do you understand that?

DEFENDANT HALL: Yes.

THE COURT: Do you understand I'm not involved in that agreement?

DEFENDANT HALL: Yes.

* * *

THE COURT: * * * Felonies of the third degree are punishable by possible terms of incarceration of nine, 12, 18, 24, 30, or 36 months in prison as well as possible fines of up to $10,000. * * * Do you understand?

DEFENDANT HALL: Yes.

* * *

THE COURT: For you, Mr. Hall, I haven't added up the most you can get. It looks like 10 years. I'm not saying you're going to get it, but if you did get it they could send you back up to five years after you have done your whole sentence if you violate. Nine months, nine — do you understand that?

DEFENDANT HALL: Yes.

(Tr. 11-13, 18.)

{¶ 14} Now, on appeal, Hall argues that despite agreeing to the above colloquy, his counsel did not ever advise him that a nine-year sentence was even possible in this situation. Hall argues that this was not merely a case where counsel made a prediction and was proven wrong; he argues that this case is distinguishable because he was not even advised that he could be facing a nine-year sentence. We disagree with Hall's assertions.

{¶ 15} When a defendant is induced to enter a guilty plea "by erroneous representations as to the applicable law, the plea has not been entered knowingly and intelligently." *State v. Mitchell*, 11th Dist. Trumbull No. 2004-T-0139, 2006-Ohio-618, ¶ 15, citing *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). Further, whether a guilty plea is entered knowingly, intelligently, and voluntarily is based on the totality of the circumstances. *State v. Davner*, 2017-Ohio-8862, 100 N.E.3d 1247, ¶ 40 (8th Dist.), citing *State v. Sojourney*, 8th Dist. Cuyahoga No. 92087, 2009-Ohio-5353, ¶ 14; *State v. Lockhart*, 8th Dist. Cuyahoga No. 90754, 2009-Ohio-2395, ¶ 6. Here, there is no evidence in the record indicating that Hall's counsel made erroneous representations as to the applicable law; Hall's counsel's promise or prediction regarding Hall's sentence is not a representation regarding the law, especially because Hall's counsel indicated in his affidavit that Hall was informed regarding the effect of the sentencing recommendation, and told him that the trial court did not necessarily have to follow the recommendation.

{¶ 16} Additionally, the trial court cannot grant a motion to withdraw based on affidavit evidence that directly contradicts the record. *State v. Makupson*, 8th

Dist. Cuyahoga No. 89013, 2007-Ohio-5329, ¶ 22, citing *State v. Yearby*, 8th Dist. Cuyahoga No. 79000, 2002 Ohio App. LEXIS 199 (Jan. 24, 2002). The record demonstrates that the trial court engaged Hall in a full colloquy where Hall was told that he could, at most, serve a ten-year prison sentence, and Hall indicated his understanding. Even though Hall's counsel claims that he informed Hall that he would receive six years "at worst," we find that this is more or less akin to a prediction when coupled with the fact that Hall was duly advised regarding the maximum sentence he could face during the colloquy and the fact that the trial court was not bound by the sentencing recommendation. *See, e.g., State v. Vinson*, 2016-Ohio-7604, 73 N.E.3d 1025, ¶ 32 (8th Dist.), citing *State v. Sally*, 10th Dist. Franklin No. 80AP-850, 1981 Ohio App. LEXIS 10295, 10-11 (June 11, 1981) (a good faith prediction that turns out to be erroneous does not render the plea involuntary and collecting cases indicating as much).

{¶ 17} The record reflects that Hall entered his guilty pleas with knowledge of the potential sentence that he could receive, and Hall indicated his understanding. Hall also indicated that no promises were made to him related to his plea. Accordingly, Hall has not shown that his counsel did anything more than provide Hall with an educated guess as to what his sentence might be relative to his experiences as an attorney. *See State v. Williams*, 8th Dist. Cuyahoga No. 88737, 2007-Ohio-5073, ¶ 34 ("The facts alleged by Williams, and supported by counsel's affidavit, show only that counsel, based upon his many years of experience, made a prediction that the judge would likely impose a sentence of less than 20 years.").

Further, Hall has not demonstrated that the promised length of the sentence actually induced the plea; Hall's counsel's affidavit actually indicates that the two spent a significant amount of time discussing the pros and cons of trial, so Hall was aware of the alternatives to taking the plea. The totality of the circumstances indicates that Hall entered his plea with full knowledge of the maximum sentence and the fact that the trial court did not have to follow the sentencing recommendation.

{¶ 18} Having found no abuse of discretion by the trial court and no manifest injustice upon our own review, we overrule Hall's first assignment of error.

{¶ 19} In his second assignment of error, Hall argues that he received ineffective assistance of counsel.

{¶ 20} When asserting ineffective assistance of counsel in the context of guilty pleas, the defendant must demonstrate (1) that counsel's performance was deficient and (2) that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and instead would have insisted on going to trial. *State v. Drain*, 170 Ohio St.3d 107, 2022-Ohio-3697, 209 N.E.3d 621, ¶ 36-38, citing *Strickland v. Washington*, 466 U.S. 668, 687-688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 142-143, 538 N.E.2d 373 (1989); *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). If a defendant claims ineffective assistance of counsel after entering a guilty plea, they "must also show that the ineffective assistance precluded [them] from entering the plea knowingly and voluntarily." *State v. Mays*, 174 Ohio App.3d 681, 2008-Ohio-

128, 884 N.E.2d 607, ¶ 9 (8th Dist.), citing *State v. Doak*, 7th Dist. Columbiana Nos. 03 CO 15 and 03 CO 31, 2004-Ohio-1548, ¶ 55.

{¶ 21} Hall has not argued the second prong — that but for his counsel's alleged ineffective assistance, he would not have pled guilty and would have insisted upon going to trial. *See, e.g.*, *Lockhart* at 60 ("Petitioner did not allege in his habeas petition that, had counsel correctly informed him about his parole eligibility date, he would have pleaded not guilty and insisted on going to trial."); *State v. Bozso*, 162 Ohio St.3d 68, 2020-Ohio-3779, 164 N.E.3d 344, ¶ 29 ("Bozso presents no contemporaneous evidence that but for his counsel's erroneous advice, he would have made a different decision."). Further, we cannot find any evidence in the record indicating that Hall would have preferred to proceed with trial on the 21-count indictment. In fact, Hall's counsel's affidavit specifically avers that the two had "numerous lengthy discussions" regarding the "risks and rewards of going to trial or entering a plea." Hall's failure to argue this second prong forecloses our review of the issue.

{¶ 22} Hall's second assignment of error is overruled.

### III. Conclusion

{¶ 23} After a thorough review of the record, we find that the trial court did not abuse its discretion in denying Hall's motion to withdraw his guilty plea, and further, that Hall did not receive ineffective assistance of counsel.

{¶ 24} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
FRANK DANIEL CELEBREZZE, III, PRESIDING JUDGE

LISA B. FORBES, J., and
MICHAEL JOHN RYAN, J., CONCUR