JOURNAL ENTRY and OPINION
{¶ 1} In 2001, defendant Patrick Coniglio pleaded guilty to one count of attempted rape of a child under 13 years of age. The court accepted the plea and, because the offense occurred prior to the effective date of S.B. 2, sentenced him to an indefinite term of three to 15 years in prison. In 2003, the Adult Parole Authority denied Coniglio parole and scheduled his next parole hearing for October 2010. Coniglio filed a post-sentence motion to withdraw his guilty plea, claiming that he did not knowingly and intelligently enter his plea because the court did not inform him that the Adult Parole Authority could change his parole eligibility. The court denied the motion without a hearing and this pro se appeal followed.
 {¶ 2} Crim.R. 32.1 permits the court to grant a post-sentence motion to withdraw a guilty plea only to correct a manifest injustice. The "manifest injustice" is an extremely high standard, which permits the withdrawal of a guilty plea only in extraordinary cases. State v. Smith (1977), 49 Ohio St.2d 261,264. The decision to grant or deny a post-sentence motion to withdraw a guilty plea is within the sound discretion of the trial court. Id. at paragraph two of the syllabus. We review the court's action on a post-sentence motion to withdraw a guilty plea for an abuse of discretion. State v. Xie (1992),62 Ohio St.3d 521, 526.
 {¶ 3} Coniglio first argues that he did not knowingly enter his guilty plea because the court confused him as to the amount of time he would be serving. The court informed him that:
 {¶ 4} "Mr. Coniglio, then the charge you are going to plead guilty to is an amended Count 20, attempted rape under the old law, a probational offense, or community control, and you could get anywhere on the minimum side of 3, 4, 5, 6, 7, or 8 years, up to a maximum term not to exceed 15 years in a state penal institution * * *. And depending how the law is interpreted, you could be subject to what we call post-release control, should you be sent to prison, and that would be actually up to five years, you understand that, like parole?"
 {¶ 5} Coniglio argues that he was unaware that, upon the expiration of his minimum term of incarceration, the parole authority could deny him parole and establish a projected release date, which in this case was seven years from the date of rejection. See Ohio Adm. Code Section 5120:1-1-10(D). He claims that this extension of his next parole hearing in essence negates the existence of time off for good behavior, a fact that the court did not advise him of during the plea colloquy.
 {¶ 6} It is the very nature of an indefinite term that an offender may be forced to serve a prison term between the minimum and maximum terms. "* * * Ohio law gives a convicted person no legitimate claim of entitlement to parole prior to the expiration of a valid sentence of imprisonment." State ex rel. Seikbert v.Wilkinson (1992), 69 Ohio St.3d 489, 490. Coniglio has no complaint that the Adult Parole Authority somehow rendered his plea unknowing when it exercised its discretion to deny parole and keep him in prison for more than the minimum term of incarceration — he knew at the time he entered his plea that he could have to serve up to 15 years in prison.
 {¶ 7} Coniglio likewise has no complaint that the parole authority somehow violated his "right" to time off for good behavior. The courts have held that, under former R.C. 2967.19, time off for good behavior applied only to the minimum term of an indeterminate term of incarceration, and does not reduce the maximum term of an indeterminate sentence. See State ex rel.Lanham v. Ohio Adult Parole Authority, 80 Ohio St.3d 425, 427,1997-Ohio-104, citing Elkins v. Holland (Mar. 23, 1995), Allen App. No. 1-94-83.
 {¶ 8} Coniglio also argues that the state breached the "plea contract" between them because the plea was illusory and unconscionable in light of the parole authority's decision to deny him parole and schedule his next hearing date for 10 years hence.
 {¶ 9} Again, we find nothing unconscionable about the plea bargain. The transcript of sentencing shows that the court informed Coniglio that he could serve a 15-year maximum term of incarceration. Neither the court nor the state made mention of time off for good behavior, so Coniglio had no reason to asssume that time off for good behavior was a part of the plea bargain.
 {¶ 10} Finally, we reject Coniglio's complaint that the court erred by denying his motion to withdraw the guilty plea without a hearing. A hearing on a post-sentence motion to withdraw a guilty plea is not necessary if the facts alleged by the defendant, even if accepted as true, would not require the court to grant the motion to withdraw the guilty plea. State v. Blatnik (1984),17 Ohio App.3d 201, 204. As our discussion of Coniglio's specific arguments shows, none of them have a legal basis. That being the case, he has utterly failed to establish the existence of a manifest misjustice, and the court could summarily rule on the motion without a hearing. The assigned errors are overruled.
Judgment affirmed. It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Karpinski, J. and Gallagher, J., concur.