JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant William Caldero, ("appellant") appeals from the trial court's denial of his second postsentence motion to withdraw guilty plea without oral hearing, without any response from the State, by journal entry filed August 28, 2007.
 {¶ 2} In his second postsentence motion filed after appellant had served his sentence herein, the appellant raised the same grounds as his first postsentence motion to withdraw guilty plea. He reiterated the plea colloquy focused on prospects for probation. He argued that this colloquy, coupled with a new affidavit of Rosalyn Santiago of June 28, 2007 (a modified recantation from the her original affidavit attached to the first postsentence motion), attached in support of his second motion, warranted an oral hearing and consideration and finding on the issue of whether *Page 3 
manifest injustice could be demonstrated, necessitating granting of the motion to withdraw his guilty plea.
 {¶ 3} Appellant was indicted on November 5, 2002, on one count of kidnapping in violation of R.C. 2905.01, with a sexual motivation specification; one count of rape in violation of R.C. 2907.02; one count of aggravated robbery in violation of R.C. 2911.11, with a sexual motivation specification; and one count of felonious assault in violation of R.C. 2903.11, with a sexual motivation specification. The indictment was based on the complaints of Rosalyn Santiago, the mother of two of the appellant's children. Santiago had alleged that appellant stole her purse, dragged her into a bedroom, struck her in the head with hair clippers, and forced her to engage in sexual conduct with him.
 {¶ 4} On February 7, 2003, appellant pleaded guilty to sexual battery in violation of R.C. 2907.03(A), a felony of the third degree, and to misdemeanor theft, a misdemeanor of the first degree. The trial court accepted the plea agreement, and nolled the remaining two counts of the indictment. Appellant was sentenced on March 18, 2003, to a three-year prison term for the sexual battery conviction and a six-month jail term for the theft conviction, sentences to run concurrent.
 {¶ 5} On August 28, 2003, appellant filed a petition to vacate and set aside sentence, pursuant to R.C. 2953.21, with an affidavit of partial recantation by Rosalyn Santiago dated June 18, 2003, in support. *Page 4 
 {¶ 6} On September 8, 2003, appellant filed a motion to withdraw guilty plea. The state responded with a motion to dismiss these two motions, which the trial court granted. The trial court also specifically denied them and also denied defendant's motion for judicial release.
 {¶ 7} On November 3, 2005, the appellant filed a notice of appeal of the trial court's three orders docketed October 6, October 7, and October 8 of 2003, overruling his motion for postconviction relief, motion for judicial release, and motion to withdraw his guilty plea.
 {¶ 8} This court addressed the initial criminal appeal arising out of Case No. CR-429612 in State v. William Caldero, Jr., Cuyahoga App. No. 83729, 2004-OhioB2337 ("Caldero I"). The appellant challenged the trial court's granting of the State's motion to dismiss the postconviction relief petition before the civil and local rule response time had expired, denial of appellant's motion to withdraw guilty plea without a hearing, and denial of his motion for judicial release without oral hearing. This court overruled all three previous assignments of error.
 {¶ 9} This second appeal is an accelerated case on this court's docket as provided by App.R. 11.1. and Loc.R. 11.1. This allows for the statement of reasons for this decision to be in brief and conclusory form. Caldero asserts two assignments of error herein.
 {¶ 10} In his first assignment of error, Caldero asserts as follows: *Page 5 
 "The trial court erred in not holding an oral hearing on the motion to withdraw guilty plea."
 {¶ 11} This court found appellant's argument to be unfounded in his first appeal challenging the denial of his first motion to withdraw guilty plea based on a similar affidavit by the same affiant, without oral hearing. This court in its decision infra stated: "An appellate court reviews a denial of a motion to withdraw a guilty plea under the abuse of discretion of standard." State v. Yearby (Jan. 24, 2002), Cuyahoga App. No. 79000. This court further found in Yearby that "a trial court need not hold an evidentiary hearing in a motion to withdraw a plea if the only evidence provided consists of affidavits from interested parties which conflict with the facts elicited at the plea hearing. * * * When affidavits are offered in support of a petition for postconviction relief, the court has authority to weigh the credibility of those affidavits and deny based upon its assessment of them." Id. at 5 and 6.
 {¶ 12} This court recently has similarly held the following:
 "The trial court need not hold an evidentiary hearing on the post-sentence motion to withdraw a guilty plea if the `record indicates that the movant is not entitled to relief and the movant has failed to submit evidentiary documents sufficient to demonstrate a manifest injustice.'" State v. Markupson, Cuyahoga App. No. 89013, 2007-Ohio-5329, quoting State v. Russ, Cuyahoga App. No 81580, 2003-Ohio-1001.
 {¶ 13} Therefore, based on the evidence in the record and this court's precedent in Caldero I, supra, and in Markupson, supra, appellant's first assignment of error is overruled. *Page 6 
 {¶ 14} Appellant's second of assignment of error states:
"The trial court erred in not making a determination as to whether manifest injustice was demonstrated."
 {¶ 15} Appellant asserts that the trial court denied his second motion to withdraw guilty plea without making a specific determination that manifest injustice was not demonstrated.
 {¶ 16} The trial court denied the motion under review herein eight days after it was filed by appellant, without a brief in opposition from the State, in an entry that read, "[defendant's post-sentence motion to withdraw guilty plea is denied."
 {¶ 17} As reasoned by this court in State v. Coniglio, Cuyahoga App. No. 84302, 2004-Ohio-6909, the trial court, by summarily denying the motion without hearing, is impliedly stating that the movant failed to submit evidentiary material sufficient to demonstrate that any manifest injustice occurred. It is unnecessary for the court to say more, as the court found that even an oral hearing was unwarranted given the motion and material presented in support of same.
 "[W]e reject Coniglio's complaint that the court erred by denying his motion to withdraw the guilty plea without a hearing. A hearing on a post-sentence motion to withdraw a guilty plea is not necessary if the facts alleged by the defendant, even if accepted as true, would not require the court to grant the motion to withdraw the guilty plea. State v. Blatnik (1984), 17 Ohio App.3d 201, 204. As our discussion of Coniglio's specific arguments shows, none of them have a legal basis. That being the case, he has utterly failed to establish the existence of a manifest injustice, and the court could summarily rule on the motion without a hearing." Id. at ¶ 10. (Emphasis added.) *Page 7 
 {¶ 18} Thus, appellant's second assignment of error lacks merit and is overruled.
 {¶ 19} Judgment of the trial court is affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 JAMES J. SWEENEY, A.J., and MELODY J. STEWART, J., CONCUR. *Page 1