[Cite as *State v. Spencer*, 2018-Ohio-4276.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2017-T-0117** |
| RICHARD G. SPENCER, II, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Trumbull County Court of Common Pleas.
Case No. 2017 CR 00212.

Judgment: Affirmed.


*Dennis Watkins*, Trumbull County Prosecutor; *Michael A. Burnett* and *Ashleigh Musick*, Assistant Prosecutors, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481-1092 (For Plaintiff-Appellee).

*Andrew R. Zellers*, Richard G. Zellers & Associates, Inc., 3810 Starrs Centre Drive, Canfield, OH 44406 (For Defendant-Appellant).


TIMOTHY P. CANNON, J.

{¶1}    Appellant, Richard G. Spencer, II, appeals from his conviction entered in the Trumbull County Court of Common Pleas pursuant to a jury verdict finding him guilty of felonious assault, a second-degree felony in violation of R.C. 2903.11(A)(2).  Appellant was sentenced to a prison term of eight years.  The trial court's judgment is affirmed for the following reasons.

{¶2} On December 1, 2016, Kevin Williams lived with his girlfriend and her minor son A.H. On that day, A.H. was home alone and allowed his uncle, Curtis Ball, and appellant to enter the house.

{¶3} When Williams came home, he found appellant and Ball in the basement. Appellant was smoking crack. Ball quickly left, but appellant failed to comply with Williams' requests to leave. As a result, Williams and appellant engaged in a physical altercation, with Williams kicking and punching appellant while dragging him out of the house.

{¶4} Once outside, appellant pulled out a knife and stabbed Williams in the back. Appellant fled after the stabbing. The injury to Williams required medical attention and a hospital stay. While he was in the hospital, Williams had to have surgery to remove his spleen.

{¶5} On March 23, 2017, appellant was indicted by the Trumbull County Grand Jury on the above-stated charge. He entered a plea of not guilty. Appellant was appointed counsel and filed a jury demand.

{¶6} On May 17, 2017, appellant's counsel filed a motion for a competency hearing, maintaining that appellant suffers from psychological disorders. The trial court granted the motion after a hearing.

{¶7} On July 11, 2017, appellant's defense counsel filed a motion to withdraw. Counsel indicated he was leaving the Public Defender's Office and stated, "arrangements have been made with the Trumbull County Public Defender's Office for other counsel to represent the herein Defendant pertaining to this matter." The motion was granted on July 13, 2017. In the days following, appellant made several pro se filings, including

several exhibits, a jury demand, and a motion titled "Tampering with Evidence." The record reflects a different attorney from the Public Defender's Office began representing appellant.

{¶8} On July 27, 2017, appellant appeared with counsel and waived his speedy trial rights in open court. The matter was continued for 120 days, and a trial date was set.

{¶9} Appellant made several additional pro se filings, including an exhibit, a "Request for Expert Witness," and a "Request for: COLEMAN Professional Services; Subpoena: Medical Records; Documents."

{¶10} On October 10, 2017, appellant filed a pro se "Motion for: ineffective and removable [sic] of counsel and defendant demands to go pro se." Appellant stated he felt he was a "victim of an unfair trial." Appellant maintained his attorney failed to file the motions he requested, including a request for medical records and several subpoenas. Appellant further maintained the motions filed by his attorney were detrimental to his case. Appellant stated:

> So because of this negligence and reckless requests, I feel like I am forced to go pro se unless I am provided with an Attorney that will do his Job to the fullest of my fair due process of my right to a fair trial, and my constitutional right by the Ohio Law. And also not to deprive me of anything that is relevant to my defense of my case. And to let me use what is credible in my defense and to get what is incredible dismissed.

On October 23, 2017, appellant filed a pro se document titled "Exhibit G For Juror's Viewing."

{¶11} A judgment entry issued on October 24, 2017, states a hearing was held on July 27, 2017. Counsel for the state of Ohio and counsel for appellant stipulated to the competency report of Jessica Hart, Ph.D., of the Forensic Psychiatric Center of Northeast

3

Ohio. Dr. Hart determined appellant was able to understand the nature and objectives of legal proceedings and was capable of assisting in his own defense. Based on the competency evaluation and stipulations, the court found, by a preponderance of the evidence, that appellant was competent to stand trial.

{¶12} On November 14, 2017, appellant filed a motion in limine through counsel. Appellant requested an order limiting inquiry into "medical issues, treatment and physical results, in the absence of testimony by treating physicians."

{¶13} On November 15, 2017, appellant's counsel filed a motion to withdraw. Counsel stated that he and appellant were "met with irreconcilable differences." He further stated:

> [Counsel] specifically states that he met with [appellant] on November 14, 2017, to present the final option of a pleas offer in this matter or proceed to trial, to review case materials in this matter and to begin final preparation with the defendant for trial. At such time, (1) the defendant indicated his intent to renew his request to represent himself pro se; (2) defendant stated numerous times that he did not want [me] to continue as his counsel; (3) defendant indicated that he feels I am colluding with the prosecution to obtain his conviction; (4) defendant indicated that I am assisting in railroading him; (5) defendant stated several times that he neither trust [sic] me, nor has confidence in my legal skill; and (6) defendant emphasized the foregoing by stating several times he was firing me.

Counsel requested a continuance for the reason that appellant would neither be able to secure new counsel nor be able to skillfully proceed pro se by the scheduled trial date.

{¶14} The matter proceeded to a jury trial on November 20, 2017. Prior to trial, appellant appeared with counsel but demanded to represent himself pro se. The court addressed appellant's request, and appellant signed a written waiver of counsel. Appellant's defense counsel agreed to serve as stand-by counsel at the state's request. Appellant requested a continuance to gather evidence and subpoena witnesses.

4

Appellant stated he needed to subpoena an expert witness to testify to the victim's medical records. The trial court denied the continuance, noting the case had already been continued multiple times. The trial court further denied the motion in limine.

{¶15} After the jury was empaneled, the prosecutor and appellant gave their opening statements. Appellant stated: "The statement is, I'm being falsely accused. The dude tried to rob me and kill me and tried to take my money and said I stabbed him. * * * The statement is, I'm not guilty."

{¶16} The state presented the testimony of Officer Mark Krempasky, A.H., and Kevin Williams. Appellant cross-examined Officer Krempasky and A.H. However, because appellant continually failed to follow orders from the court, he was held in contempt while cross-examining A.H. Appellant was ordered to wear a "stun vest." The trial court found "a manifest need for restraint for the safety of the people in the courtroom as well as the parties, court personnel. And it's the least restrictive means we can do at this time." The court addressed appellant to explain that if he failed to listen to the court's commands, the deputy would stun him. Appellant replied: "I've been off my meds. I'm a mental health patient. I feel this is unconstitutional, and I feel y'all violating my rights. * * * I ain't been on medication in 90 days. I'm incompetent, but you forcing me to go to trial." The court ordered stand-by counsel to take over representation of appellant during trial. Appellant did not object.

{¶17} Defense counsel cross-examined A.H. and Williams. After the close of the state's evidence, defense counsel made a motion for judgment of acquittal pursuant to Crim.R. 29. The motion was denied.

{¶18} Defense counsel presented the testimony of appellant's mother, A.H.'s cousin, and a criminal investigator from the Public Defender's office.

{¶19} During closing arguments, defense counsel asserted the affirmative defense of self-defense. The state objected. The trial judge stated: "Counselor, there's absolutely not one shred of evidence in this case of self-defense. He never testified. You will not go there. You will not touch that instruction. It's not going to be in the jury instructions."

{¶20} Defense counsel renewed the Crim.R. 29 motion, which was again denied.

{¶21} The jury found appellant guilty as charged. The matter proceeded to sentencing on November 21, 2017. The trial court's sentencing entry was filed on November 29, 2017.

{¶22} Appellant noticed a timely appeal and was appointed appellate counsel. Appointed counsel filed a motion for leave to withdraw and an appellate brief pursuant to *Anders v. California*, 386 U.S. 738 (1967).

{¶23} As outlined in *Anders*, "if counsel finds his client's case to be wholly frivolous, counsel should advise the court and request permission to withdraw; * * * the request to withdraw must be accompanied by a brief referring to anything in the record that might arguably support the appeal; [and] * * * time must be allowed for the client to raise any points he chooses." *State v. Spears*, 11th Dist. Ashtabula No. 2013-A-0027, 2014-Ohio-2695, ¶5, citing *Anders* at 744. The appellate court must then conduct "a full examination of all the proceedings, to decide whether the case is wholly frivolous." *Anders, supra*, at 744. If the appellate court determines the appeal is wholly frivolous, it

may grant the request to withdraw and dismiss the appeal. *Id.* If, however, the court concludes the appeal is not frivolous, it must appoint new counsel for the appellant. *Id.*

**{¶24}** In his brief, appellate counsel determined "that there are no meritorious arguments for appeal." Counsel, however, indicates he conferred with appellant to review the issues and identifies three potential errors for review.

**{¶25}** By judgment entry on May 17, 2018, this court granted appellant leave to file a pro se submission raising any additional arguments in support of his appeal. Appellant filed no additional arguments.

**{¶26}** The first potential error states: "Appellant's Sixth Amendment right to effective assistance of counsel was infringed upon by his trial counsel and thus suffered a prejudice in the outcome of his case."

**{¶27}** In order to prevail on an ineffective assistance of counsel claim, an appellant must demonstrate that trial counsel's performance fell "below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance." *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph two of the syllabus (following *Strickland v. Washington*, 466 U.S. 668 (1984)). "'[T]here is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one.'" *Id.* at 143, quoting *Strickland*, *supra*, at 697.

**{¶28}** There is a general presumption that trial counsel's conduct is within the broad range of professional assistance. *Id.* at 142. Debatable trial tactics generally do not constitute deficient performance. *State v. Phillips*, 74 Ohio St.3d 72, 85 (1995). In order to show prejudice, the appellant must demonstrate a reasonable probability that,

7

but for counsel's error, the result of the proceeding would have been different. *Bradley*, *supra*, at paragraph three of the syllabus.

{¶29} Furthermore, trial counsel's decision not to pursue every possible trial tactic for strategical reasons does not deprive a defendant of effective assistance of counsel. *State v. Brown*, 38 Ohio St.3d 305, 319 (1988) (citation omitted). A defendant has no right to a choice of counsel and "no constitutional right to determine trial tactics and strategy of counsel." *State v. Donkers*, 11th Dist. Portage Nos. 2003-P-0135 & 2003-P-0136, 2007-Ohio-1557, ¶183, citing *State v. Cowans*, 87 Ohio St.3d 68, 72 (1999) & *State v. Conway*, 108 Ohio St.3d 214, 2006-Ohio-791, ¶150. "Rather, decisions about viable defenses are the exclusive domain of defense counsel after consulting with the defendant." *Id.*

{¶30} Prior to trial, appellant expressed his dissatisfaction with counsel's trial tactics. From the record, it is clear trial counsel intended to raise the affirmative defense of self-defense. Appellant, however, asserted his innocence and indicated he disagreed with counsel's suggestion that he should testify. Appellant further argued counsel should have subpoenaed Curtis Ball and explained he needed an expert witness to testify to the victim's "medical records about the stab wound in the front." However, during trial, there was testimony presented that Curtis Ball fled prior to the stabbing. After a thorough review of the record, the probative value of his testimony is therefore not apparent. The probative value of the medical records and need for an expert witness is similarly unclear.

{¶31} Moreover, appellant's claim of ineffective assistance of counsel is undermined by the fact that he waived his right to counsel and represented himself during a portion of his trial.

8

**{¶32}** Accordingly, we determine that counsel's performance did not fall below a reasonable level of representation and that appellant was not prejudiced by any alleged deficient performance.

**{¶33}** Appellant's first potential error is therefore without merit.

**{¶34}** The second potential error states: "Appellant was incompetent to stand trial at the time of trial, as he was not taking his medication and thus his due process right to a fair trial was violated."

**{¶35}** "[A]n appellate court will affirm a trial court's finding of competency when the record contains some competent, credible evidence supporting such a finding." *State v. Clemmons*, 11th Dist. Trumbull No. 95-T-5305, 1996 WL 760933, *3 (Dec. 20, 1996).

**{¶36}** R.C. 2945.37(G) provides that a defendant is incompetent to stand trial if "the defendant is incapable of understanding the nature and objective of the proceedings against the defendant or of assisting in the defendant's defense[.]" Criminal defendants are presumed to be competent to stand trial. *Id.*

**{¶37}** The test for determining whether a defendant is competent to stand trial is whether the defendant has sufficient present ability to consult with his or her attorney with a reasonable degree of rational understanding and whether the defendant has a rational and factual understanding of the proceedings against him. *State v. Neyland*, 139 Ohio St.3d 353, 2014-Ohio-1914, ¶32, quoting *State v. Berry*, 72 Ohio St.3d 354, 359 (1995) (citations omitted). "Incompetency must not be equated with mere mental or emotional instability or even with outright insanity. A defendant may be emotionally disturbed or even psychotic and still be capable of understanding the charges against him and of assisting his counsel." *State v. Bock*, 28 Ohio St.3d 108, 110 (1986).

{¶38} "'Even when a defendant is competent at the commencement of his trial, a trial court must always be alert to circumstances suggesting a change that would render the accused unable to meet the standards of competence to stand trial.'" *State v. Swigart*, 11th Dist. Portage No. 1934, 1990 WL 12704, *2 (Feb. 16, 1990), quoting *Drope v. Missouri*, 420 U.S. 162, 181 (1975).

{¶39} The trial court's initial determination that appellant was competent to stand trial is supported by competent, credible evidence. The trial court considered Dr. Hart's report, which reflects appellant understood the nature of the legal proceedings against him and was capable of assisting in his own defense. Appellant's counsel stipulated to Dr. Hart's report. Although appellant continually asserted he wanted to represent himself pro se, "willingness to assist one's own attorney in one's defense is not the test for competency. The proper inquiry is the defendant's present ability to so assist." *State v. Halder*, 8th Dist. Cuyahoga No. 87974, 2007-Ohio-5940, ¶39, citing *Berry*, *supra*, at 362. Appellant exhibited an understanding of the legal proceedings and his ability to assist his attorney when he filed several pro se motions and exhibits prior to trial.

{¶40} The trial court also conducted a comprehensive inquiry of appellant prior to his waiver of his right to counsel. The trial court engaged in a lengthy colloquy with appellant. Appellant asserted his innocence and exhibited an understanding of the charges against him and the possible penalties. Further, appellant was able to represent himself for a portion of the trial. Standby counsel's assistance was invoked only after appellant continually failed to follow the court's orders, and appellant indicated his inability to continue to represent himself.

10

{¶41} Even if appellant had failed to take his medication prior to trial, that failure would not automatically render him incompetent to stand trial. Moreover, the record reflects that on the date of trial, appellant understood the legal proceedings against him and was capable of assisting defense counsel.

{¶42} Appellant's second potential error is without merit.

{¶43} The third potential issue states: "Trial Court abused its discretion when it sentenced the Appellant to the maximum term applicable the offense for which he was convicted."

{¶44} "The court hearing an appeal [of a felony sentence] shall review the record, including the findings underlying the sentence or modification given by the sentencing court." R.C. 2953.08(G)(2). "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing * * * if it clearly and convincingly finds * * * (a) [t]hat the record does not support the sentencing court's findings under division * * * (C)(4) of section 2929.14, or * * * (b) [t]hat the sentence is otherwise contrary to law." *Id.*

{¶45} "'A sentence is contrary to law if (1) the sentence falls outside the statutory range for the particular degree of offense, or (2) the trial court failed to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors in R.C. 2929.12.'" *State v. Wilson*, 11th Dist. Lake No. 2017-L-028, 2017-Ohio-7127, ¶18, quoting *State v. Price*, 8th Dist. Cuyahoga No. 104341, 2017-Ohio-533, ¶14 (citations omitted). "'When a sentence is imposed solely after the consideration of the factors in R.C. 2929.11 and 2929.12, appellate courts "may vacate or modify any

11

sentence that is not clearly and convincingly contrary to law'"'" only if the appellate court clearly and convincingly finds that the record does not support the sentence. *Id.* at ¶18, quoting *Price*, *supra*, at ¶14, quoting *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶23.

{¶46} "[I]n sentencing a defendant for a felony, 'a court is merely required to "consider" the purposes and principles of sentencing in R.C. 2929.11 and the statutory * * * factors set forth in R.C. 2929.12.'" *State v. Brown*, 11th Dist. Lake No. 2014-L-075, 2015-Ohio-2897, ¶34, quoting *State v. Lloyd*, 11th Dist. Lake No. 2006-L-185, 2007-Ohio-3013, ¶44. "The trial court satisfies its obligation to consider the seriousness and recidivism factors in R.C. 2929.12 by stating that it considered them." *Id.* "'[T]he trial court is not obligated * * * to give any particular weight or consideration to any [R.C. 2929.12] sentencing factor.'" *State v. Pishner*, 11th Dist. Portage No. 2017-P-0004, 2017-Ohio-8689, ¶20, quoting *State v. Holin*, 174 Ohio App.3d 1, 2007-Ohio-6255, ¶34 (11th Dist.).

{¶47} Here, appellant's sentence is within the statutory range and is the maximum sentence for a second-degree felony. *See* R.C. 2929.14(A)(2). The trial court stated that it considered the principles of sentencing in R.C. 2929.11 and the statutory factors set forth in R.C. 2929.12 both at appellant's sentencing hearing and in its judgment entry of sentence. The trial court further reviewed appellant's extensive criminal history, his history of violence, and the impact of the present offense on the victim. The court also found appellant's conduct was more serious than conduct normally constituting the offense. Accordingly, appellant's sentence is not contrary to law.

{¶48} Appellant's third potential error is without merit.

12

**{¶49}** After a thorough and independent review of the record, including the competency evaluation, trial transcript and exhibits, and sentencing transcript, we find no arguable legal points on the merits of this matter. Counsel's motion to withdraw is granted.

**{¶50}** The judgment of the Trumbull County Court of Common Pleas is affirmed.

THOMAS R. WRIGHT, P.J.,

DIANE V. GRENDELL, J.,

concur.