[Cite as *State v. Peters*, 2023-Ohio-2028.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2022-T-0106 |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the Court of Common Pleas |
| ELIJAH D. PETERS, | |
| Defendant-Appellant. | Trial Court No. 2021 CR 00394 |

**O P I N I O N**

Decided: June 20, 2023
Judgment: Affirmed

*Dennis Watkins*, Trumbull County Prosecutor, and *Ryan J. Sanders*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Michael A. Partlow*, P.O. Box 1562, Stow, OH 44224 (For Defendant-Appellant).

MATT LYNCH, J.

{¶1} Defendant-appellant, Elijah D. Peters, appeals from the judgment of the Trumbull County Court of Common Pleas, finding him competent to stand trial. For the following reasons, we affirm the judgment of the lower court.

{¶2} On June 3, 2021, Peters was indicted by the Trumbull County Grand Jury for Unlawful Sexual Conduct with a Minor (Count One), a felony of the fourth degree, in violation of R.C. 2907.04(A); two counts of Gross Sexual Imposition (Counts Two and Three), felonies of the third degree, in violation of R.C. 2907.05(A)(4); three counts of Rape (Counts Four through Six), felonies of the first degree, in violation of R.C.

2907.02(A)(1)(b); and Disseminating Matter Harmful to Juveniles (Count Seven), a felony of the fifth degree, in violation of R.C. 2907.31(A)(1).

{¶3} Peters moved for a determination of competency to stand trial and the court issued a July 23, 2021 entry ordering a competency examination by the Forensic Psychiatric Center. The court issued an entry on September 16, 2021, stating that the matter had come before the court for a hearing on that date (a transcript of which is not present in the record). The court found that Peters had been examined by Dr. Hart of the Forensic Psychiatric Center and ordered that a second examination be completed by the office of Dr. Noffsinger at the UH Cleveland Medical Center.

{¶4} A competency hearing was held on November 4, 2021. The prosecutor summarized that the initial report from the Forensic Psychiatric Center found that Peters "was incompetent, but likely restorable." The State had asked for a second evaluation, in which the psychiatrist found Peters incompetent and was unsure whether he could be rehabilitated. The court issued a Judgment Entry finding that, "because of defendant's present mental condition, the defendant is incapable of understanding the nature and objective of the proceedings against him or assisting in his own defense." It ordered that he undergo treatment at a mental health facility.

{¶5} On June 1, 2022, a hearing was conducted on Peters' restoration to competence. The following testimony was presented at the hearing:

{¶6} Dr. Przemyslaw Kapalczynski, a staff psychiatrist at Heartland Behavioral Healthcare, treated Peters since his admission on December 9, 2021, and worked with him for over four months. In the course of treating him to restore competency, he interacted with Peters once to twice a week.

2

**{¶7}** Dr. Kapalczynski observed that Peters is "not 100 percent concrete in his thinking" which impacts his abstract thinking and can be "suggestible," but he did not believe this impacted Peters' competency. Peters' IQ was borderline between "intellectual disability and * * * below average intelligence," although his scores relating to cognitive impairment were within the normal range. Dr. Kapalczynski agreed with the findings in the prior competency evaluations that Peters had borderline intellectual function but he disagreed with the medical diagnosis by Dr. Hart of depressive and anxiety disorders.

**{¶8}** During his treatment, Peters received medications for mood stabilization and to help with sleep. Dr. Kapalczynski testified that these medications helped with sleep, impulsivity, and mood fluctuations but he did not believe the medication impacted Peters' competence to stand trial. Peters' treatment also included participation in a "restoration to competency" program, where he learned about the legal system and how courts function.

**{¶9}** On April 14, 2022, Dr. Kapalczynski performed a competency assessment and mental status exam, which included questions about court procedure and criminal charges, during which Peters was generally able to give correct information about these matters. Peters improved his score on a test about court procedures from a 70 to an 80 following treatment. Dr. Kapalczynski attributed this to Peters' increased knowledge about legal concepts.

**{¶10}** Dr. Kapalczynski determined "with reasonable medical certainty, * * * that [Peters] was competent to stand trial." He testified that Peters' ability to assist in his legal proceedings and his knowledge of such proceedings "improved significantly." He testified

3

that after a "period of education and restoration," Peters knows the different types of pleas, understands the charges and their seriousness, did not have unrealistic expectations regarding the outcome and demonstrated he wants the best possible outcome, and is able to understand the nature and objectives of the proceedings. He cited as evidence that Peters is able to assist in his defense the following: he was not cognitively impaired, he is "fully oriented to time and place," he can recount the events leading to his arrest "in a way that would be helpful to his counsel," and does not have psychosis or delusions which would preclude him from interacting with his attorney and the court in a "productive" manner.

{¶11} On June 6, 2022, the court, "[b]ased on the competency report and testimony heard" found, "by a preponderance of the evidence, that the Defendant is capable of understanding the nature and objectives of the proceedings against him and of assisting in his own defense" and was competent to stand trial.

{¶12} A change of plea hearing was held on July 21, 2022, at which Peters entered a guilty plea to all charges in the indictment with the exception of Count Six (Rape), which was dismissed. The court reviewed the rights waived by Peters. The court inquired whether Peters had any mental health conditions which "would prevent [him] from understanding what's going on here today," to which he responded in the negative. The State indicated that it would have proven that Peters engaged in sexual conduct with two minor victims and sent nude pictures of himself to a third minor. The parties jointly recommended an indefinite prison sentence of 10 to 15 years. Peters' pleas were accepted by the court after the court found that the pleas were knowingly, intelligently, and voluntarily made.

4

{¶13} A sentencing hearing was held on September 22, 2022. The prosecutor requested that the agreed sentence be imposed. The court imposed a sentence of 18 months on Count One, 36 months on Counts Two and Three, 10 to 15 years on Count Four, and 10 years on Count Five and one year on Count Seven, all running concurrently for a total indefinite term of 10 to 15 years. This sentence was memorialized in an October 5, 2022 Judgment Entry.

{¶14} Peters timely appeals and raises the following assignment of error:

{¶15} "The trial court erred in finding that appellant was competent to stand trial and such finding was against the manifest weight of the evidence."

{¶16} Peters argues that a manifest weight standard of review should be applied and, under such a standard, the evidence did not support a conclusion that he was competent to stand trial.

{¶17} "In a criminal action in a court of common pleas, * * * the court, prosecutor, or defense may raise the issue of the defendant's competence to stand trial. If the issue is raised before the trial has commenced, the court shall hold a hearing on the issue as provided in this section." R.C. 2945.37(B). "If, after a hearing, the court finds by a preponderance of the evidence that, because of the defendant's present mental condition, the defendant is incapable of understanding the nature and objective of the proceedings against the defendant or of assisting in the defendant's defense, the court shall find the defendant incompetent to stand trial and shall enter an order authorized by section 2945.38 of the Revised Code [setting forth procedures for treatment and continuing evaluation of those found incompetent to stand trial]." R.C. 2945.37(G).

{¶18} A defendant is competent to stand trial, as well as to enter a guilty plea,

5

when he has "'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding'" and "'a rational as well as factual understanding of the proceedings against him.'" *Godinez v. Moran,* 509 U.S. 389, 396, 113 S.Ct. 2680, 125 L.Ed.2d 321 (1993), quoting *Dusky v. United States,* 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960). "[A] defendant is presumed to be competent to stand trial, and the burden is on the defendant to prove by a preponderance of the evidence that he is not competent." *State v. Neyland*, 139 Ohio St.3d 353, 2014-Ohio-1914, 12 N.E.3d 1112, ¶ 32; *State v. Lawson*, 165 Ohio St.3d 445, 2021-Ohio-3566, 179 N.E.3d 1216, ¶ 48 ("[a] defendant is rebuttably presumed to be competent to stand trial").

{¶19} We will first address Peters' argument regarding the applicable standard in competency cases. Peters contends that the proper standard of review should be "more akin to a 'manifest weight' standard of review." He contends that the decision should not be left to the discretion of the court and the "'some competent, credible evidence' test appears to be overly deferential considering the rather lofty constitutional concerns called into question."

{¶20} As has been recognized by this court, "[t]he Supreme Court of Ohio has long held that a trial court does not abuse its discretion in finding a defendant competent where its findings of competency are supported by some reliable, credible evidence." *State v. Spurrier*, 11th Dist. Lake No. 2020-L-069, 2021-Ohio-1061, ¶ 42, citing *State v. Vrabel*, 99 Ohio St.3d 184, 2003-Ohio-3193, 790 N.E.2d 303, ¶ 33 ("We find that the trial court did not abuse its discretion in finding appellant competent. Under these circumstances, we will not disturb the trial court's findings, since there was some reliable, credible evidence supporting them."); *State v. Spencer*, 11th Dist. Trumbull No. 2017-T-

6

0117, 2018-Ohio-4276, ¶ 35 ("[a]n appellate court will affirm a trial court's finding of competency when the record contains some competent, credible evidence supporting such a finding") (citation omitted). An abuse of discretion is the trial court's "'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶ 62, quoting *Black's Law Dictionary* 11 (8th Ed.2004). This court has also noted that, in relation to competence findings, "deference on these issues should be given to those 'who see and hear what goes on in the court room.'" *Spurrier* at ¶ 42, citing *Vrabel* at ¶ 33.

{¶21} The exact argument raised by Peters that the foregoing standard should not apply has previously been rejected by this court. In *Spurrier*, this court addressed the argument that we should "apply 'something more akin' to a manifest weight standard" and that a competent, credible evidence test "appears to be overly deferential." *Id.* at ¶ 41. We "decline[d] Mr. Spurrier's request that this court reconsider the appropriateness of a standard of review that is firmly established precedent." *Id.* at ¶ 42. Peters presents no additional authority or rationale justifying a decision to overturn this court's prior holding on this issue.

{¶22} A review of the record indicates that there was reliable, credible evidence supporting the court's determination that Peters was competent to stand trial. Dr. Kapalczynski, who is board certified in adult and forensic psychiatry, treated Peters for over four months and testified "with reasonable medical certainty, * * * that he was competent to stand trial." He provided extensive testimony about his treatment and examination of Peters and explained reasons for the determination that Peters could assist in his own defense. He determined that Peters had no impairment that would

7

preclude him from interacting with his counsel or the court and he was able to explain the events leading to his arrest "in a way that would be helpful to his counsel." He also opined that Peters had an understanding of the charges and proceedings against him. Our review of the plea colloquy reveals nothing that would suggest that the appellant was incompetent.

{¶23} Peters contends that "the record is quite clear that it would have simply been impossible for Appellant's Counsel to proceed to a trial under these conditions." This is conclusory and unsupported by specific references to evidence supporting such a determination. It is contrary to the sole evidence presented at the competency hearing, the testimony of Dr. Kapalczynski that Peters could assist in his defense and interact with his counsel in a "productive" manner.

{¶24} Peters questions his ability to competently testify, arguing that Dr. Kapalczynski "seemed to focus on the fact that Appellant could be redirected when he lost touch with a question," and emphasizes this would not be possible if he were testifying at trial. Dr. Kapalczynski did not indicate Peters would be unable to testify and, in fact, explained that he had an understanding of the charges and the allegations against him. While it is accurate that Dr. Kapalczynski testified that in some instances Peters required an explanation of concepts to understand them, this did not indicate an inability to testify regarding the facts of the case or answer questions that may be asked during his testimony at trial. The test for competency is not whether a defendant is able to understand any question asked of him or every legal concept. It is whether he has "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as factual understanding of the proceedings

8

against him." (Citation omitted.) *Godinez,* 509 U.S. at 396, 113 S.Ct. 2680, 125 L.Ed.2d 321. There is reliable, credible evidence to demonstrate that these requirements were met.

{¶25} Peters next argues that "the Trial Court clearly indicated its understanding that a mental health professional was to determine competency rather than the Trial Court itself." As explained above, the determination as to competency is made by the trial court after holding a hearing on competency. Here, the trial court entered a judgment stating: "Based on the competency report and testimony heard, this Court finds by a preponderance of the evidence" that Peters was capable of understanding the proceedings and assisting in his defense. It further stated: "This Court finds the Defendant is competent to stand trial." There is no indication that it left the decision to Dr. Kapalczynski but instead merely utilized his recommendation and testimony to support its decision that Peters was competent.

{¶26} Finally, we note that Peters observes, in his fact section without further argument, that Dr. Kapalczynski did not agree with the prior doctors' evaluations and further had not dealt with a case involving Aarskog Syndrome, with which Peters had previously been diagnosed. The fact that Dr. Kapalczynski disagreed with diagnoses made in the prior competency evaluations does not invalidate his opinion, particularly given that he spent several months treating Peters, unlike those doctors who performed the initial evaluations. *Neyland*, 139 Ohio St.3d 353, 2014-Ohio-1914, 12 N.E.3d 1112, at ¶ 61 ("[t]he trial court also reasonably determined that greater weight should be given to testimony of a psychiatrist and a psychologist who examined Neyland during a 30-day observational period rather than a psychiatrist who spent only a little more than an hour

9

with him"). Further, regardless of Dr. Kapalczynski's experience with Aarskog Syndrome, which was described as a genetic syndrome which can impact cognitive and behavioral function, he was still able to determine from his observations, interactions, and testing that Peters met the standard required for competency. "Diagnosis with a mental illness is not dispositive of a criminal defendant's competence to stand trial." *Spurrier*, 2021-Ohio-1061, at ¶ 48. *See also State v. Roberts*, 137 Ohio St.3d 230, 2013-Ohio-4580, 998 N.E.2d 1100, ¶ 90-93 (there was reliable, credible evidence to support a competency finding where a psychologist did not know the defendant's psychological history but based his assessment on his own evaluation).

{¶27} The sole assignment of error is without merit.

{¶28} For the foregoing reasons, the judgment of the Trumbull County Court of Common Pleas, finding Peters competent to stand trial, is affirmed. Costs to be taxed against appellant.

JOHN J. EKLUND, P.J.,

EUGENE A. LUCCI, J.,

concur.