[Cite as *State v. Jones*, 2024-Ohio-898.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

STATE OF OHIO,

　　　　　Plaintiff-Appellee,

- vs -

JEREMIAH ULYSSES JONES,

　　　　　Defendant-Appellant.

CASE NO. 2023-T-0047

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2018 CR 00625

**O P I N I O N**

Decided: March 11, 2024
Judgment: Affirmed

*Dennis Watkins*, Trumbull County Prosecutor, and *Ryan J. Sanders*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Michael A. Partlow*, P.O. Box 1562, Stow, OH 44224 (For Defendant-Appellant).

ROBERT J. PATTON, J.

**{¶1}** Defendant-appellant, Jeremiah Ulysses Jones ("appellant"), appeals from the trial court's denial of his post-sentence motion to withdraw his guilty pleas. For the following reasons, we affirm.

**{¶2}** On August 27, 2018, the Trumbull County Grand Jury indicted appellant, charging him with two counts of aggravated robbery, first-degree felonies, in violation of

R.C. 2911.01(A)(1) and (C) and R.C. 2911.01(A)(3) and (C), Counts One and Two respectively, with accompanying firearm specifications pursuant to R.C. 2941.145.[1]

{¶3} Appellant entered not guilty pleas at arraignment on September 4, 2018. The $150,000 cash or surety bond set by the municipal court was continued. On September 19, 2018, appellant filed a motion to determine competency. The trial court scheduled a competency hearing for October 24, 2018. After several continuances, the matter was set on November 21, 2018. On November 29, 2018, the trial court granted appellant's request for an independent evaluation and appointed Ronald Yendrek, D.O. ("Dr. Yendrek").

{¶4} The competency hearing was ultimately held on January 16, 2019, with the State, appellant, and defense counsel present. The competency reports of Dr. Thomas Gazley, Ph.D. and Dr. Yendrek, D.O. were submitted as Joint Exhibits 1 and 2, respectively. After the hearing, on January 25, 2019, the trial court concluded: "based on the competency reports and the stipulations made, the Court finds by a preponderance of the evidence, that the Defendant is capable of understanding the nature and objections of the proceedings against him and of assisting in his own defense."

{¶5} On April 19, 2019, newly retained defense counsel filed his notice of appearance. On June 17, 2019, appellant appeared with counsel, waived his rights, and entered guilty pleas to the charges contained in the indictment.

{¶6} The State stipulated that the two counts of aggravated robbery merged for purposes of sentencing and elected to proceed on Count Two, aggravated robbery, a

---

1. This matter was originally filed in the Warren Municipal Court in Case No. 2018CRA001694 and bound over to the Trumbull County Court of Common Pleas on July 18, 2018.

2

first-degree felony, in violation of R.C. 2911.01(A)(3) and (C). The State and appellant agreed to a jointly recommended prison sentence of three years on Count Two, to be served consecutively to a three-year prison term on the firearm specification, for an aggregate prison term of six years. The parties further agreed that the six-year prison term imposed in this case would be served consecutively to the sentences imposed in Trumbull County Court of Common Pleas Case Nos. 2017 CR 00790 and 2018 CR 00575, for a total prison term of 18 years. Appellant waived a presentence investigation.

{¶7} The trial court proceeded directly to sentencing and sentenced appellant to the jointly recommended prison sentence of three years on Count Two, to be served consecutively to a three-year prison term on the firearm specification, for an aggregate prison term of six years. The sentencing entry did not mention the sentences imposed in the unrelated cases. The appellant did not file a direct appeal.

{¶8} On June 7, 2023, nearly four years after appellant was sentenced, he filed a motion to withdraw his guilty pleas. On June 12, 2023, the trial court denied his motion. Appellant now appeals and raises a single assignment of error: "[t]he trial court erred in denying appellant's motion to withdraw his guilty pleas as a manifest injustice has occurred."

{¶9} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Crim.R. 32.1. "A defendant who seeks to withdraw a plea of guilty after the imposition of sentence has the burden of establishing the existence of manifest injustice." *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph one of the syllabus. The

3

Supreme Court of Ohio has defined "manifest injustice" as "a clear or openly unjust act." *State ex rel. Schneider v. Kreiner*, 83 Ohio St.3d 203, 208, 699 N.E.2d 83 (1998).

{¶10} It is well-established that a post-sentence withdrawal "is allowable only in extraordinary cases." *Smith* at 264. Motions made pursuant to Crim.R.32.1 are "addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." *Id.* at paragraph two of the syllabus.

{¶11} As this court has held, "'a trial court need not hold an evidentiary hearing on a post-sentence motion to withdraw a guilty plea if the record indicates the movant is not entitled to relief and the movant has failed to submit evidentiary documents sufficient to demonstrate a manifest injustice.'" *State v. Caskey*, 11th Dist. Lake No. 2010-L-014, 2010-Ohio-4697, ¶ 11, quoting *State v. Mays*, 174 Ohio App.3d 681, 2008-Ohio-128, 884 N.E.2d 607, ¶ 6 (8th Dist.). *See also State v. Pena*, 11th Dist. Trumbull No. 2022-T-0103, 2023-Ohio-2354, ¶ 23.

{¶12} Appellant argues that his guilty pleas were not knowingly, intelligently, and voluntarily made because he was not advised that he could appeal the trial court's decision on competency. Appellant asserts he should be permitted to withdraw his pleas. We disagree.

{¶13} As noted above, this court reviews a trial court's decision under an abuse of discretion standard. *Smith*, 49 Ohio St.2d at paragraph two of the syllabus. Likewise, a trial court's decision finding that a defendant is competent to stand trial is also reviewed for an abuse of discretion. "[T]he Supreme Court of Ohio has long held that a trial court does not abuse its discretion in finding a defendant competent where its findings of

4

competency are supported by some reliable, credible evidence." *State v. Spurrier*, 11th Dist. Lake No. 2020-L-069, 2021-Ohio-1061, ¶ 42, citing *State v. Vrabel*, 99 Ohio St.3d 184, 2003-Ohio-3193, 790 N.E.2d 303, ¶ 33. "'An appellate court will affirm a trial court's finding of competency when the record contains some competent, credible evidence supporting such a finding.'" *State v. Spencer*, 11th Dist. Trumbull No. 2017-T-0117, 2018-Ohio-4276, ¶ 35, quoting *State v. Clemmons*, 11th Dist. Trumbull No. 95-T-5305, 1996 WL 760933, *3 (Dec. 20, 1996).

{¶14} An abuse of discretion is the trial court's "'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶ 62, quoting *Black's Law Dictionary* 11 (8th Ed.2004). This court has also noted that, in relation to competence findings, ""deference on these issues should be given to those 'who see and hear what goes on in the court room.'"" *State v. Peters*, 11th Dist. Trumbull No. 2022-T-0106, 2023-Ohio-2028, ¶ 20, *appeal not accepted*, 171 Ohio St.3d 1506, 2023-Ohio-3968, 220 N.E.3d 836, quoting *Spurrier* at ¶ 42, quoting *Vrabel* at ¶ 33.

{¶15} While certified copies of the transcripts of proceedings have not been filed in this court, appellant attached the transcripts from the competency hearing and the plea and sentencing hearing to his motion to withdraw his guilty pleas.[2] The transcripts from the competency hearing illustrate that a hearing was held and that both reports from the evaluations, admitted as joint exhibits, indicated that appellant was competent to stand trial. Defense counsel stipulated to the findings in both reports. As such, there is

---

1. The copies are not signed by the court reporter.

Case No. 2023-T-0047

competent credible evidence supporting the trial court's decision finding that appellant was competent to stand trial.

{¶16} Further, at the plea hearing, the court advised appellant of his limited appellate rights and informed him of his ability to appeal, to receive appointed counsel, and to obtain transcripts at the State's expense. The foregoing provisions are also contained in the written plea signed and acknowledged by appellant. Appellant cites no authority that requires the trial court or counsel to inform a criminal defendant during a guilty plea of the specific items he may be entitled to appeal in order for the plea to be knowingly, voluntarily, and intelligently given.

{¶17} Moreover, appellant has failed to argue that had he known of his ability to assign error to the competency determination, he would not have entered a plea. Instead, he suggests that had he known of this ability, he would have appealed. Such a claim does not amount to a manifest injustice warranting withdrawal of his pleas. Thus, the trial court did not abuse its discretion when it denied appellant's post-sentence motion to withdraw his guilty pleas.

{¶18} For the foregoing reasons, we affirm the decision of the Trumbull County Court of Common Pleas.

MARY JANE TRAPP, J.,

MATT LYNCH, J.,

concur.

Case No. 2023-T-0047