[Cite as *State v. Jones*, 2024-Ohio-1124.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| STATE OF OHIO, | **CASE NOS. 2023-T-0054** |
| | **2023-T-0055** |
| Plaintiff-Appellee, | |
| | Criminal Appeals from the |
| - vs - | Court of Common Pleas |
| | |
| JEREMIAH ULYSSES JONES, | |
| | Trial Court Nos. 2018 CR 00575 |
| Defendant-Appellant. | 2017 CR 00790 |

**O P I N I O N**

Decided: March 25, 2024
Judgment: Affirmed

*Dennis Watkins*, Trumbull County Prosecutor, and *Ryan J. Sanders*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Michael A. Partlow*, P.O. Box 1562, Stow, OH 44224 (For Defendant-Appellant).

ROBERT J. PATTON, J.

{¶1}   Defendant-appellant, ("Appellant"), Jeremiah Ulysses Jones, appeals from the trial court's denial of his post-sentence motions to withdraw his guilty pleas in Trumbull County Court of Common Pleas Case Nos. 2017 CR 790 and 2018 CR 575, which have been consolidated for purposes of appeal. For the following reasons, we affirm.

{¶2}   On January 17, 2018, the Trumbull County Grand Jury indicted appellant, charging him with aggravated robbery, a first-degree felony, in violation of R.C.

2911.01(A)(1) and (C), with a firearm specification, pursuant to R.C. 2941.145 in Case No. 2017 CR 790.[1]

{¶3} Appellant entered a not guilty plea at arraignment on February 12, 2018. The $25,000 cash or surety bond set by the municipal court was continued. On July 9, 2018, appellant sought a competency evaluation, and a written motion was filed on July 13, 2018. A competency evaluation pursuant to former R.C. 2945.371(G)(3) was ordered.[2]

{¶4} On July 31, 2018, the Trumbull County Grand Jury indicted appellant in Case No. 2018 CR 575 and charged him with aggravated robbery, a first-degree felony, with a firearm specification, pursuant to R.C. 2911.01(A)(1) and (C) and R.C. 2941.145 ("Count 1"); aggravated robbery, a first-degree felony, with a firearm specification pursuant to R.C. 2911.01(A)(3)&(C) and R.C. 2941.145 ("Count 2"); felonious assault, a second-degree felony, with a firearm specification, in violation of R.C. 2903.11(A)(1) and (D)(1)(a) and R.C. 2941.145 ("Count 3"); felonious assault, a second degree felony, with a firearm specification, in violation of R.C. 2903.11(A)(2) and (D)(1)(a) and R.C. 2941.145 ("Count 4"); and, having weapons under disability, a third-degree felony, in violation of R.C. 2923.13(A)(2) and (B) ("Count 5").[3]

{¶5} On August 6, 2018, appellant entered a not guilty plea at arraignment on the charges in Case No. 2018 CR 575. Bond was set at $250,000 cash or surety. Seven

---

1. This matter was originally filed in the Warren Municipal Court in Case No. 2017CRA002272 and bound over to the Trumbull County Court of Common Pleas on December 8, 2017.
2. The former version was effective from October 12, 2016 to August 2, 2021.
3. This matter was originally filed in the Warren Municipal Court in Case No. 2018CRA001618 and bound over to the Trumbull County Court of Common Pleas on July 6, 2018.

2

Case Nos. 2023-T-0054 and 2023-T-0055

days later, on August 13, 2018, appellant's initial counsel filed a motion to determine competency.

{¶6} On November 5, 2018, appellant's new trial counsel sought a subsequent competency evaluation. The following day, counsel filed a motion for leave to enter a plea of not guilty by reason of insanity in both cases. The trial court granted the requests for a second evaluation pursuant to former R.C. 2945.371(G)(3) and (4) on December 10, 2018.

{¶7} On January 30, 2019, appellant sought to employ a medical expert, Dr. Adeyemi Marcus, MD, "for the purposes of conducting a forensic psychiatric evaluation to determine [d]efendant's sanity at the time of the commission of the offense." The motion was granted on February 5, 2019.

{¶8} On April 10, 2019, appellant filed a motion to sever. On April 19, 2019, the State filed a brief in opposition and moved that the cases be joined. The trial court granted the State's motion on April 23, 2019.

{¶9} On July 22, 2019, appellant appeared with counsel, waived his rights, and entered guilty pleas in both cases. In Case No 2017 CR 790, appellant pleaded guilty to aggravated robbery, a first-degree felony with a firearm specification as contained in the indictment. In Case No. 2018 CR 575, appellant pleaded guilty to an amended indictment of Count 1: aggravated robbery, a first-degree felony, with a firearm specification, in violation of R.C. 2911.01(A)(1) and (C) and R.C. 2941.145; Count 3: felonious assault, a second-degree felony, with a firearm specification, in violation of R.C. 2903.11(A)(1)&(D)(1)(a) and R.C. 2941.145); and Count 5: having weapons while under

3

disability, a third-degree felony, in violation of R.C. 2923.13(A)(2) and (B). The State agreed to dismiss the remaining counts.

{¶10} A presentence investigation was waived in both cases. The trial court proceeded directly to sentencing.

{¶11} In Case No. 2017 CR 790, the trial court sentenced appellant to the jointly recommended prison sentence of three years for the offense and ordered that sentence to be served consecutively to a three-year prison term on the firearm specification for an aggregate prison term of six years. The sentence imposed in the 2017 case was ordered to be served consecutively to the sentence imposed in Case No. 2018 CR 625.[4]

{¶12} In Case No. 2018 CR 575, the trial court sentenced appellant to a prison term of three years on each Counts 1 and 3, and a term of 24 months on Count 5 to be served concurrently to one another. The trial court determined that the firearm specification accompanying Counts 1 and 3 would merge for purposes of sentencing and imposed a three-year term of imprisonment to be served prior to and consecutively to the sentence imposed on the underlying offenses. The trial court also ordered the sentence to be served consecutively to the sentences imposed in Trumbull County Common Pleas Court Case Nos. 2017 CR 790 and 2018 CR 625. The total term of incarceration imposed in each of the three cases amounts to 18 years.

{¶13} Appellant did not file a direct appeal.

{¶14} On June 7, 2023, nearly four years after appellant was sentenced, he filed his motions to withdraw his guilty pleas. The State filed its opposition to the motions on

---

4. Appellant made a similar motion to withdraw his guilty plea in Case No. 2018-CR-625 which was also denied by the trial court. Appellant also appealed from that entry. *State v. Jones*, 11th Dist. Trumbull No. 2023-T-0047, 2024-Ohio-898.

4

July 3, 2023. The State attached the competency evaluation reports of Dr. Ronald Yendrek, D.O. and two reports by Dr. Thomas G. Gazley, Ph.D., dated October 3, 2018 and January 16, 2019. Both Dr. Gazely and Dr. Yendrek concluded that appellant was competent to stand trial. Dr. Gazley further concluded "with a reasonable psychological certainty [appellant] at the time of the offenses charged in both Case No. 17 CR 790 and in Case. No. 18 CR 575 knew the wrongfulness of his acts." The State also attached the entry finding appellant competent in Case No. 2018 CR 625. On July 11, 2023, the trial court denied appellant's motions. Appellant now appeals and raises a single assignment of error: "[t]he trial court erred in denying appellant's motion to withdraw his guilty pleas as a manifest injustice has occurred."

{¶15} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Crim.R. 32.1. "A defendant who seeks to withdraw a plea of guilty after the imposition of sentence has the burden of establishing the existence of manifest injustice." *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph one of the syllabus. The Supreme Court of Ohio has defined "manifest injustice" as "a clear or openly unjust act." *State ex rel. Schneider v. Kreiner*, 83 Ohio St.3d 203, 208, 699 N.E.2d 83 (1998).

{¶16} It is well-established that a post-sentence withdrawal "is allowable only in extraordinary cases." *Smith* at 264. Motions made pursuant to Crim. R. 32.1 are "addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." *Id.* at paragraph two of the syllabus.

Case Nos. 2023-T-0054 and 2023-T-0055

{¶17} As this court has held, "'a trial court need not hold an evidentiary hearing on a post-sentence motion to withdraw a guilty plea if the record indicates the movant is not entitled to relief and the movant has failed to submit evidentiary documents sufficient to demonstrate a manifest injustice.'" *State v. Caskey*, 11th Dist. Lake No. 2010-L-014, 2010-Ohio-4697, ¶ 11, quoting *State v. Mays*, 174 Ohio App.3d 681, 2008-Ohio-128, 884 N.E.2d 607, ¶ 6 (8th Dist.). *See also State v. Pena*, 11th Dist. Trumbull No. 2022-T-0103, 2023-Ohio-2354, ¶ 23.

{¶18} Appellant argues that his guilty plea was not knowingly, intelligently, and voluntarily made because he was not advised that he could appeal the trial court's decision on competency. Appellant asserts he should be permitted to withdraw his plea.[5] We disagree.

{¶19} As noted above, this Court reviews a trial court's decision under an abuse of discretion standard. *Smith*, 49 Ohio St.2d 261, at paragraph two of the syllabus. Likewise, a trial court's decision finding a defendant competent to stand trial is also reviewed for an abuse of discretion. "[T]he Supreme Court of Ohio has long held that a trial court does not abuse its discretion in finding a defendant competent where its findings of competency are supported by some reliable, credible evidence." *State v. Spurrier*, 11th Dist. Lake No. 2020-L-069, 2021-Ohio-1061, ¶ 42, citing *State v. Vrabel*, 99 Ohio St.3d 184, 2003-Ohio-3193, 790 N.E.2d 303, ¶ 33. "'An appellate court will affirm a trial court's finding of competency when the record contains some competent, credible evidence supporting such a finding.'" *State v. Spencer*, 11th Dist. Trumbull No. 2017-T-0117, 2018-

---

5. This is the same argument raised by appellant in a separate case. *Jones*, 11th Dist. Trumbull No. 2023-T-0047, 2024-Ohio-898.

Case Nos. 2023-T-0054 and 2023-T-0055

Ohio-4276, ¶ 35, quoting *State v. Clemmons*, 11th Dist. Trumbull No. 95-T-5305, 1996 WL 760933, *3 (Dec. 20, 1996).

{¶20} An abuse of discretion is the trial court's "'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶ 62, quoting Black's Law Dictionary 11 (8th Ed.2004). This court has also noted that, in relation to competency findings, ""deference on these issues should be given to those 'who see and hear what goes on in the court room.'"" (citations omitted). *State v. Peters*, 11th Dist. Trumbull No. 2022-T-0106, 2023-Ohio-2028, ¶ 20, a*ppeal not accepted*, 171 Ohio St.3d 1506, 2023-Ohio-3968, 220 N.E.3d 836, quoting *Spurrier* at ¶ 42, quoting *Vrabel* at ¶ 33.

{¶21} While certified copies of the transcripts of proceedings have not been filed in this Court, appellant attached the transcripts from two pretrial hearings and the plea and sentencing hearings to his motion to withdraw his guilty plea. The transcripts from the pretrial hearing on May 6, 2019, indicate that appellant had retained new trial counsel. His newest trial counsel wanted additional time to receive discovery and informed the trial court that he believed previous counsel had aborted the competency claim. The trial court set a pretrial for the following week.

{¶22} On May 13, 2019, the parties reconvened and trial counsel for appellant formally withdrew the motion to determine competency and the motion for leave to plead not guilty by reason of insanity.

{¶23} At the plea and sentencing hearing, the court advised appellant of his limited appellate rights. Crim.R. 11(C)(2) provides in relevant part:

Case Nos. 2023-T-0054 and 2023-T-0055

> In felony cases the court * * * shall not accept a plea of guilty * * * without first addressing the defendant personally * * * and doing all of the following:
>
> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
>
> (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
>
> (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

Crim.R. 11(C)(2)(a) through (c).

{¶24} "The best way to ensure that pleas are entered knowingly and voluntarily is to simply follow the requirements of Crim.R. 11 when deciding whether to accept a plea agreement." *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 29.

{¶25} The trial court complied with these provisions. Moreover, the written plea of guilty, signed and acknowledged by appellant, also informed appellant of his ability to appeal, to receive appointed counsel, and to obtain transcripts at the State's expense. Appellant cites to no authority which requires the trial court or counsel to inform a criminal defendant of specific items he may be entitled to appeal, such as a competency determination, for a plea to be knowingly, voluntarily, and intelligently given. Moreover, appellant has failed to argue that had he known of his ability to assign error to the

8

Case Nos. 2023-T-0054 and 2023-T-0055

competency determination, appellant would not have entered a plea. Instead, he suggests that had he known of this ability, he would have filed a direct appeal.

{¶26} However, unlike in *State v. Jones*, 2024-Ohio-898, appellant's trial counsel withdrew the motion to determine competency in the underlying cases. Because the motion was withdrawn, appellant waived any objection to a competency determination. *See State v. Campbell*, 69 Ohio St.3d 38, 44, 1994-Ohio-492, 630 N.E.2d 339. The trial court did not err by failing to advise appellant of the ability to appeal a competency determination where appellant waived the argument for purposes of appeal by withdrawing his motion.

{¶27} Further, in his motion to withdraw his guilty plea, appellant also alleged that he was not guilty of the charges and was not properly represented by counsel. Appellant did not appeal his convictions despite being informed at sentencing of his limited appellate rights.

{¶28} Upon review of the record, Appellant's claim does not amount to a manifest injustice warranting withdrawal of his plea. Thus, the trial court did not abuse its discretion when it denied appellant's post-sentencing motion to withdraw his guilty pleas. Appellant's sole assignment of error is meritless.

{¶29} For the foregoing reasons, we affirm the decisions of the Trumbull County Court of Common Pleas.

EUGENE A. LUCCI, P.J.,

MARY JANE TRAPP, J.,

concur.

9

Case Nos. 2023-T-0054 and 2023-T-0055